UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CARMELO MILLAN, Individually and
on Behalf of All other persons similarly situated,

                Plaintiffs,

      -against-

CITIGROUP, INC.

                Defendant.
-----------------------------------------------------------X

**Judge Hellerstein**

**COMPLAINT AND JURY DEMAND**

Case No.: **07 CIV 3769**

## NATURE OF THE ACTION

1.    Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for worked performed which they received neither compensation nor received overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.    Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendant for work performed for which they received no compensation at all, as well as for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which: (1) there are 100 or more members in the Plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff, Carmelo Millan (the "Named Plaintiff") was, at all relevant times, an adult individual, residing in North Bergen, New Jersey.

8. Upon information and belief, Defendant Citigroup, Inc. ("Citigroup") is a Delaware corporation, with a principal place of business at 399 Park Avenue, New York, New York.

## COLLECTIVE ACTION ALLEGATIONS

9. Pursuant to 29 U.S.C. §207, the Named Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all on behalf of all persons who were employed by Defendant as IT Support Technicians and similar individuals who were employed in

technological support and information technology positions throughout the country, at any time within the three years prior to the date of filing this complaint through the date of the final disposition of this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who received no compensation at all for hours worked, as well as for overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of forty per workweek (the "FLSA Nationwide Collective Action Plaintiffs").

10.     This nationwide FLSA collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there at least 500 members of the FLSA Nationwide Collective Action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

11.     The Named Plaintiff will fairly and adequately protect the interests of the FLSA Nationwide Collective Action Plaintiffs and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. The Named Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

12.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual FLSA Nationwide Collective Action Plaintiffs may be relatively small, the expense and burden of individual litigation make it virtually

impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

13. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to the Named Plaintiff and other FLSA Nationwide Collective Action Plaintiffs are:

   a. whether the Defendant employed the FLSA Nationwide Collective Action Plaintiffs within the meaning of the FLSA;

   b. whether the Defendant filed to keep true and accurate time records for all hours worked by the Named Plaintiff and the FLSA Nationwide Collective Action Plaintiffs;

   c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area or location where the FLSA Nationwide Collective Action Plaintiffs are employed, in violation of C.F.R. § 516.4;

   e. whether Defendant failed to pay the FLSA Nationwide Collective Action Plaintiffs for hours which they worked and received no compensation as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

 f. whether Defendant improperly classified the Named Plaintiff and the FLSA Nationwide Collective Action Plaintiffs as "exempt" within the meaning of the FLSA;

 g. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

 h. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

 i. whether Defendant should be enjoined from such violations of the FLSA in the future.

14. The Named Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

15. The Named Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

16. The Named Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendant in the State of New York as IT Support Technicians and similar individuals who were employed in technological support and information technology positions, at any time within the six years prior to the date of filing this complaint through the date of the final disposition of this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for hours actually worked as well as overtime wages and for an additional hour of pay

5

for each day worked in excess of ten hours, in violation of the New York Labor Law (the "New York Class").

17. The persons in the New York Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are over 500 members of New York Class during the Class Period.

18. The claims of the Named Plaintiff are typical of the claims of the New York Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

19. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

20. The Named Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

21. The Named Plaintiff has the same interests in this matter as all other members of the class and his claims are typical of the New York Class.

22. There are questions of law and fact common to the New York Class which predominate over any questions solely affecting the individual members of the New York Class, including but not limited to:

a. whether the Defendant employed the members of the New York Class within the meaning of the New York Labor Law;

b. whether the Defendant filed to keep true and accurate time records for all hours worked by the Named Plaintiff and members of the New York Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendant failed and/or refused to pay the members of the New York Class any compensation for hours actually worked as well as premium pay for hours worked in excess of forty hours per workweek and an extra hour of pay for each day worked more than ten hours per day within the meaning of the New York Labor Law;

e. whether Defendant improperly classified the members of the New York Class as "exempt" within the meaning of the New York Labor Law;

f. whether the Defendant is liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

g. whether the Defendant should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

23. Defendant is a well-known and leading international financial services company. Upon information and belief, Defendant employs in excess of 275,000 workers worldwide with in excess of 144,000 full-time and 10,000 part-time employees in the United States. In 2006, Defendant had in excess of $89 billion in revenue and $21 billion in profit.

24. Starting in or about June 2000 until on or about March 14, 2007, the Named Plaintiff was employed as an IT Support Technician by the Defendant at various facilities located in New York. In this position, the Named Plaintiff's duties included installing and maintaining computer hardware for Citibank, providing desktop support to Defendant's employees, assisting in the support of network connectivity, moving and installing computers, and troubleshooting computer hardware issues.

25. The Named Plaintiff's work was performed in the normal course of the Defendant's business and was integrated into the business of the Defendant.

26. The work performed by the Named Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment with regard to matters of significance.

27. The Named Plaintiff often worked in excess of 40 hours a week and in excess of ten hours per day, yet the Defendant willfully failed to pay him compensation for all of the hours worked by him as well as overtime compensation of one and one-half times his regular hourly rate and for an extra hour for each day worked in excess of ten hours, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

28. Throughout the time of the Named Plaintiff's employment with Defendant and, upon information belief, both before that time (throughout the Nationwide FLSA and the New York Class Period) and continuing until today, the Defendant has likewise employed other individuals, like the Named Plaintiff (the FLSA Nationwide Collective Action Plaintiffs /the New York Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent

judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

29. Such individuals have worked in excess of 40 hours a week and in excess of ten hours per day, yet the Defendant has likewise willfully failed to pay them any compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate and for an extra hour for each day worked in excess of ten hours, in violation of the FLSA and the New York Labor Law. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

30. Throughout all relevant time periods, upon information and belief, and during the course of the Named Plaintiff's own employment, while Defendant employed the Named Plaintiff and the FLSA Nationwide Collective Action Plaintiffs /the New York Class, the Defendant failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

31. The Named Plaintiff, on behalf of himself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 30 as if they were set forth again herein.

32. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, Defendant employed, and/or continues to employ, the Named Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

34. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

35. The Named Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The Named Plaintiff's written consent is attached hereto and incorporated by reference.

36. The Named Plaintiff and the FLSA Nationwide Collective Action Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Citigroup's common practice, policy or plan of unlawfully characterizing them as exempt employees and refusing to pay them overtime in violation of the FLSA.

37. As a result of the Defendant's willful failure to compensate its employees, including the Named Plaintiff and the FLSA Nationwide Collective Action Plaintiffs, for all hours worked by them as well as for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

38. As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including the Named Plaintiff and the FLSA Nationwide Collective Action Plaintiffs, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

40. Due to the Defendant's FLSA violations, the Named Plaintiff, on behalf of himself and the FLSA Nationwide Collective Action Plaintiffs, are entitled to recover from the Defendant, their unpaid wages, overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF:**
**NEW YORK LABOR LAW**

41. The Named Plaintiff, on behalf of himself and the members of the New York Class, reallege and incorporate by reference paragraphs 1 through 30 as if they were set forth again herein.

42. At all relevant times, the Named Plaintiff and the members of the New York Class were employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

43. Defendant willfully violated the Named Plaintiff's rights and the rights of the members of the New York Class, by failing to pay them any compensation for all of the hours worked by them as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek and an additional hour of pay for each day worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

44. The Defendant's New York Labor Law violations have caused the Named Plaintiff and the members of the New York Class irreparable harm for which there is no adequate remedy at law.

45.  Due to the Defendant's New York Labor Law violations, the Named Plaintiff and the members of the New York Class are entitled to recover from Defendant their unpaid wages, overtime compensation, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## **PRAYER FOR RELIEF**

Wherefore, the Named Plaintiff on behalf of himself and all other similarly situated FLSA Nationwide Collective Action Plaintiffs and members of the New York Class, respectfully requests that this Court grant the following relief:

a.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing the Named Plaintiff and his counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the FLSA Nationwide Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing the Named Plaintiff and his counsel to represent the FLSA Nationwide Collective Action Plaintiffs;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An injunction against the Defendant and its officers, subsidiaries, units, divisions, agents, successors, employees, representatives and any and all persons acting in

concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid wages and overtime compensation due under the FLSA and the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of prejudgment and postjudgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
May 11, 2006

By: _____
Fran L. Rudich (FR 7577)

Fran L. Rudich (FR 7577)
Seth R. Lesser (SL 5560)
LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838- 5357

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone: (212) 228-9795

**ATTORNEYS FOR PLAINTIFF**