IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMELO MILLAN, Individually and on Behalf of All other persons similarly situated, | ) ) ) ) |
| Plaintiffs, | )     Judge Hellerstein ) |
| v. | )     Case No. 07 CIV 3769 ) |
| CITIGROUP INC. CITIGROUP TECHNOLOGY, INC. Defendants. | ) ) ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Citigroup Inc. ("Citigroup") and Citigroup Technology, Inc. ("CTI") (collectively "Defendants"), by and through their attorneys, hereby respond to Named Plaintiff's Amended Complaint in accordance with the numbered paragraphs as follows:

1. The allegations in paragraph one constitute legal conclusions to which no response is necessary. To the extent that a response is required, Defendants deny that Named Plaintiff, or any other purported similarly situated current or former employee is entitled to the relief sought in this paragraph.

2. The allegations in paragraph two constitute legal conclusions to which no response is necessary. To the extent that a response is required, Defendants deny that Named Plaintiff, or any other purported similarly situated current or former employee is entitled to the relief sought in this paragraph.

## JURISDICTION AND VENUE

3. The allegations in paragraph three constitute legal conclusions to which no response is necessary.

4. Denied.

5. The allegations in paragraph five constitute legal conclusions to which no response is necessary.

6. The allegations in paragraph six constitute legal conclusions to which no response is necessary.

## THE PARTIES

7. Defendants admit that the last known address that they have on record for Named Plaintiff is in North Bergen, New Jersey and that Named Plaintiff is an adult individual.

8. Admitted.

9. Defendants admit that CTI is a wholly-owned subsidiary of Citicorp Banking Corporation, which is a wholly-owned subsidiary of Citigroup. Defendants deny the remaining allegations in paragraph nine.

## COLLECTIVE ACTION ALLEGATIONS

10. Defendants deny that Named Plaintiff was an IT Support Technician or that he was similarly situated to any other individual who was employed by Defendants. Defendants further deny that Named Plaintiff was non exempt within the meaning of the Fair Labor Standards Act ("FLSA"). The remaining allegations in paragraph ten constitute legal conclusions to which no response is necessary.

11. Defendants deny that there are at least 100 potential members of any purported nationwide collective action. Defendants further deny that any purported nationwide collective action would be so numerous that joinder is impracticable. The remaining allegations in paragraph 11 constitute legal conclusions to which no response is necessary.

12. Defendants deny that Named Plaintiff has no interest that is contrary to or in conflict with other purported class members to a collective action. The remaining allegations in paragraph 12 constitute legal conclusions to which no response is necessary.

13. Defendants deny that joinder of all purported members is impracticable. Defendants further deny that they violated the FLSA or that Named Plaintiff or any other employee suffered a loss of any wages to which they were entitled. The remaining allegations in paragraph 13 constitute legal conclusions to which no response is necessary.

14. Defendants deny that questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members. The remaining allegations in paragraph 14 constitute legal conclusions to which no response is necessary.

  a. The allegations in sub-paragraph 14(a) constitute legal conclusions to which no response is necessary.

  b. Defendants deny that they were obligated by law to keep records of Plaintiff or any other purportedly similarly situated current or former employee. The remaining allegations in sub-paragraph 14(b) constitute legal conclusions to which no response is necessary.

  c. Defendants deny that they did not maintain time records. The remaining allegations in sub-paragraph 14(c) constitute legal conclusions to which no response is necessary.

  d. Defendants deny that they did not post a notice explaining the minimum wages and overtime pay rights provided by the FLSA. The remaining allegations in sub-paragraph 14(d) constitute legal conclusions to which no response is necessary.

       e.       Defendants deny that they violated the FLSA or that Named Plaintiff or any other employee suffered a loss of wages to which they were entitled. The remaining allegations in sub-paragraph 14(e) constitute legal conclusions to which no response is necessary.

       f.       Defendants deny that they misclassified Named Plaintiff or any other employee under the FLSA. The remaining allegations in sub-paragraph 14(f) constitute legal conclusions to which no response is necessary.

       g.       Defendants deny that they violated the FLSA. The remaining allegations in sub-paragraph 14(g) constitute legal conclusions to which no response is necessary.

       h.       Defendants deny that they violated the FLSA and that Named Plaintiff or any other employee suffered a loss of any wages to which they were entitled. The remaining allegations in sub-paragraph 14(h) constitute legal conclusions to which no response is necessary.

       i.       Defendants deny that they violated the FLSA. The remaining allegations in sub-paragraph 14(i) constitute legal conclusions to which no response is necessary.

15.    Defendants deny that this litigation should proceed as a collective action. The remaining allegations in paragraph 15 constitute legal conclusions to which no response is necessary.

## CLASS ALLEGATIONS

16.    Defendants admit that Plaintiff has brought a suit on his behalf and purportedly on behalf of others. Defendants deny that this action is suitable for class treatment. The remaining allegations in paragraph 16 constitute legal conclusions to which no response is necessary.

17.     Defendants deny that Named Plaintiff was an IT Support Technician or that he was similar to any other individual who was employed by Defendants. Defendants further deny that Named Plaintiff was non exempt within the meaning of New York Labor Law. The remaining allegations in paragraph 17 constitute legal conclusions to which no response is necessary.

18.     Defendants deny that there are at least 100 potential members of any purported class. Defendants further deny that any purported class action would be so numerous that joinder is impracticable. The remaining allegations in paragraph 18 constitute legal conclusions to which no response is necessary.

19.     Defendants deny that the claims of Named Plaintiff are typical of the claims of any purported class. The remaining allegations in paragraph 19 constitute legal conclusions to which no response is necessary.

20.     Defendants deny that they acted or refused to act in any manner that violates New York Labor Law. The remaining allegations in paragraph 20 constitute legal conclusions to which no response is necessary.

21.     Defendants deny that Named Plaintiff has interests similar to any current or former employee. The remaining allegations in paragraph 21 constitute legal conclusions to which no response is necessary.

22.     Defendants deny that Named Plaintiff has interests similar to any current or former employee. The remaining allegations in paragraph 22 constitute legal conclusions to which no response is necessary.

23.     Defendants deny that questions of law and fact common to the members of the purported "New York Class" predominate over questions that may affect only individual

members.  The remaining allegations in paragraph 23 constitute legal conclusions to which no response is necessary.

      a.      The allegations in sub-paragraph 23(a) constitute legal conclusions to which no response is necessary.

      b.      Defendants deny that they did not maintain time records.  The remaining allegations in sub-paragraph 23(b) constitute legal conclusions to which no response is necessary.

      c.      Defendants deny that they did not maintain time records.  The remaining allegations in sub-paragraph 23(c) constitute legal conclusions to which no response is necessary.

      d.      Defendants deny that they violated New York Labor Law or that Named Plaintiff or any other employee suffered a loss of wages to which they were entitled.  The remaining allegations in sub-paragraph 23(d) constitute legal conclusions to which no response is necessary.

      e.      Defendants deny that they misclassified Named Plaintiff or any other employee under New York Labor Law.  The remaining allegations in sub-paragraph 23(e) constitute legal conclusions to which no response is necessary.

      f.      Defendants deny that they violated New York Labor Law or that Named Plaintiff or any other employee suffered a loss of wages to which they were entitled.  The remaining allegations in sub-paragraph 23(f) constitute legal conclusions to which no response is necessary.

      g.    Defendants deny that they violated New York Labor Law. The remaining allegations in sub-paragraph 23(g) constitute legal conclusions to which no response is necessary.

## STATEMENT OF FACTS

24.    Defendants admit that Citigroup is a well known and leading international financial services company that employs thousands of workers worldwide. Defendants further admit that in 2006, Citigroup had in excess of $89 billion in revenue and $21 billion in profits. Defendants deny the remaining allegations in paragraph 24.

25.    Defendants admit that CTI is a wholly-owned subsidiary of Citicorp Banking Corporation, which is a wholly-owned subsidiary of Citigroup and that CTI engages in telecommunications services. Defendants deny the remaining allegations in paragraph 25.

26.    Defendants admit that CTI and its predecessor employer employed Named Plaintiff from June of 2000 until he resigned on March 15, 2007 and that during that time Named Plaintiff worked at various facilities in New York and New Jersey. Defendants further admit that some of Named Plaintiff's job duties at some times during his employment included installing and maintaining computer hardware, assisting in the support of connectivity and addressing computer hardware issues. Defendants deny the remaining allegations in paragraph 26.

27.    The allegations in paragraph 27 constitute legal conclusions to which no response is necessary.

28.    Denied.

29.    Defendants admit that Named Plaintiff, at times, worked in excess of 40 hours per week and in excess of ten hours per day. Defendants deny the remaining allegations in paragraph 29.

30. Denied.

31. Denied.

32. Denied.

## FIRST CLAIM FOR RELIEF: <br> FAIR LABOR STANDARDS ACT

33. The averments of paragraphs 1 through 32 are herby incorporated by reference as if set forth fully herein.

34. The allegations in paragraph 34 constitute legal conclusions to which no response is necessary.

35. Defendants admit that CTI and its predecessor employer employed Named Plaintiff from June of 2000 until he resigned on March 15, 2007. Defendants deny that there are similarly situated "Collective Action Members." The remaining allegations in paragraph 35 constitute conclusions of law to which no responsive pleading is necessary.

36. Admitted.

37. The Named Plaintiff's written consent speaks for itself, and the allegations in paragraph 37 purporting to characterize the consent are therefore deemed denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

43. The averments of paragraphs 1 through 42 are herby incorporated by reference as if set forth fully herein.

44. Defendants admit that CTI and its predecessor employer employed Named Plaintiff from June of 2000 until he resigned on March 15, 2007. Defendants deny that there are similarly situated members of the purported "New York Class." The remaining allegations of paragraph 44 constitute conclusions of law to which no response is necessary.

45. Denied.

46. Denied.

47. Denied.

## PRAYER FOR RELIEF

Defendants deny that they are liable to Named Plaintiff or any other potential member of the alleged collective and/or class action in any way, deny that Named Plaintiff or any other potential member of the alleged collective and/or class action is entitled to relief, and deny all other allegations contained in the prayer for relief.

## AFFIRMATIVE DEFENSES

1. Named Plaintiff's claims are barred, in whole or in part, because at all relevant times, Named Plaintiff and others allegedly similarly situated were exempt from any entitlement to overtime compensation.

2. Named Plaintiff's claims are barred, in whole or in part, because Named Plaintiff and others allegedly similarly situated have not sustained any injury or damage by reason of any act or omission of Defendants.

3.  Named Plaintiff's claims and/or the claims of other purported members of the alleged collective action are barred, in whole or in part, by the applicable statutes of limitations.

4.  Named Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, offset and/or setoff.

5.  Named Plaintiff's claims are barred to the extent Named Plaintiff lacks standing to pursue such claims.

6.  To the extent that Named Plaintiff and others allegedly similarly situated were paid compensation beyond that to which they were entitled while employed by Defendants, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

7.  Defendants' failure to pay Named Plaintiff overtime wages was in good faith conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor and New York Labor Law.

8.  If Defendants' failure to pay Named Plaintiff overtime wages was unlawful, although such is not admitted, Named Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

9.  If Defendants' failure to pay overtime was unlawful, although such is not admitted, none of Defendants' actions or omissions constituted a willful violation of the FLSA or New York Labor Law.

10. Named Plaintiff's First Claim in the Amended Complaint fails to state a cause of action because no private right of action exists to enforce the recordkeeping provisions of the FLSA.

11. Defendants reserve the right to add any and all additional defenses as they become known through discovery or investigation.

**WHEREFORE,** Defendants respectfully request that the claims alleged in the Amended Complaint be dismissed in their entirety with prejudice, and that they be awarded costs of defense, including reasonable attorneys' fees.

Respectfully submitted,

/s/ Kelly Basinger Charnley
Sam S. Shaulson (SS 0460)
Carrie A. Gonell (CG 9931)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York  10178
(212) 309-6000

Michael L. Banks (Pa. I.D. #35052)
Sarah E. Bouchard (Pa. I.D. #77088)
Sarah E. Pontoski (Pa. I.D. #91569)
Kelly Basinger Charnley (Pa. I.D. #200278)
*Admitted Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5387/5077/5059/5763

Dated: October 11, 2007                Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I, Kelly B. Charnley, Esquire, hereby certify that a true and correct copy of Defendants' Answer and Affirmative Defenses was filed electronically with the Clerk of the Court and served by first class, United States Mail this 11th day of October, 2007 upon the following:

Fran L. Rudich, Esquire
Seth R. Lesser, Esquire
LOCKS LAW FIRM
110 East 55th Street, 12th Floor
New York, New York  10022
(212) 838-3333

Jeffrey M. Gottlieb, Esquire
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York  10003
(212) 228-9795

Attorneys for Plaintiff

/s/ Kelly Basinger Charnley
Kelly B. Charnely