# LOCKS LAW FIRM PLLC

110 East 55th Street
New York, New York 10022

www.lockslaw.com



**Fran Rudich**

T 212-838-3333
T 866-LOCKSLAW
F 212-838-3735
frudich@lockslawny.com

**BY HAND**

January 25, 2008

Hon. Alvin K. Hellerstein
United States District Court
  Southern District of New York
500 Pearl St., Room 1050
New York, NY 10007

RE: Millan v. Citigroup, Inc., et al.
Case No.: 07-CV-3769

*[Handwritten annotation: Motion denied w/out prejudice to resubmission pursuant to my Individual Rule 2E. 1-28-08 A.K.H.]*



Dear Judge Hellerstein:

We represent the Plaintiff in this case brought under the Fair Labor Standards Act ("FLSA") and the analogue New York Labor Law for unpaid overtime wages. We write to request the Court's assistance in resolving certain discovery issues that have arisen. Before making this request, counsel met and conferred in a series of e-mail exchanges and, at this time, have been unable to resolve the issues discussed below.

First, as Your Honor no doubt recalls, at the most recent status conference, the Court ordered that the parties submit a stipulation tolling the FLSA statute of limitations[1], to be "so-ordered" by the Court. We believe that this toll should run up to and include the date that the Court issues a decision on Defendants' anticipated dispositive motion. It is Defendants' position that this toll should end on the date that the dispositive motion is currently scheduled to be filed--February 22, 2008. In light of the underlying purpose of the toll -- to protect the rights of the collective action members, who through no fault of their own, may be delayed in learning about this lawsuit -- and the reason for its need in this action -- the Defendants' request to address the individual merits of Mr. Millan's claim, i.e., whether he was properly classified as an exempt employee and not entitled to overtime -- the toll should continue up to the date the Court decides the motion. Counsel met and conferred on this issue since the most recent status conference, but have been unable to resolve their differences and thus seek the Court's assistance in resolving this issue.

Second, also at the January 4, 2008 status conference, the Court ordered that the Plaintiff's deposition take place on January 16, 2008 and the Defendants' 30(b)(6) deposition take place on January 23, 2008. Due to several unfortunate coincidences, most notably the fact that both attorneys handling this matter for Plaintiff have been out sick

---

[1] Under the FLSA the statute of limitations for the claims of the putative collective action members is not tolled until the individual files with the Court a consent to opt-in to the action.

Hon. Alvin K. Hellerstein
January 25, 2008
Page 2

for the past 10 days with the flu, we have been unable to complete these depositions. Accordingly, we request that the Court extend the time for Plaintiff to take the 30(b)(6) deposition(s) of Defendants for 2 weeks--up to and including February 7, 2008. The Defendants have consented to this reasonable request based on the illness of Plaintiff's counsel and counsel agree that all other deadlines should remain in place.

    Due to the foregoing, we request that the Court schedule a conference, either by telephone or in person, to address the tolling issues raised in this letter.

Respectfully submitted,

*F. Rudich*

Fran L. Rudich

Cc: Sarah Bouchard, Esq. (via facsimile and First Class Mail)
Sarah E. Pontoski, Esq. (via facsimile and First Class Mail)