# LOCKS LAW FIRM
PLLC

110 East 55th Street
New York, New York 10022
T 212.838.3333
T 866.LOCKSLAW
F 212.838.3735
lockslaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/7/08

Fran L. Rudich
frudich@lockslawny.com

January 31, 2008



1. The toll should extend to the date that the motion is argued. The court needs to fix that date approximately two weeks after the motion is completely submitted.

2. The pending "30(b)(6)" motion is adjourned and precise dates [illegible] in [illegible] and a precise calendar of submissions.

3. A [illegible] newsletter [illegible]

2.6.08
[signature] 2/6/08

BY HAND

Hon. Alvin K. Hellerstein
United States District Court
  Southern District of New York
500 Pearl St., Room 1050
New York, New York 10007

RE: *Millan v. Citigroup, Inc., et al.*
    Case No.: 07-CV-3769

Dear Judge Hellerstein:

We represent the Plaintiff in this case brought under the Fair Labor Standards Act ("FLSA") and the analogue New York Labor Law for unpaid overtime wages. We write to request the Court's assistance in resolving certain discovery issues that have arisen. Before making this request, counsel met and conferred in a series of e-mail exchanges and, at this time, have been unable to resolve the issues discussed below.

### 1. Tolling Stipulation

First, as Your Honor no doubt recalls, at the most recent status conference, the Court ordered that the parties submit a stipulation tolling the FLSA statute of limitations[1], to be "so-ordered" by the Court.

**Plaintiffs' Counsel Position**

We believe that this toll should run up to and include the date that the Court issues a decision on Defendants' anticipated dispositive motion. It is Defendants' position that this toll should end on the date that the dispositive motion is currently scheduled to be filed--February 22, 2008. In light of the underlying purpose of the toll -- to protect the rights of the collective action

---

[1] Under the FLSA the statute of limitations for the claims of the putative collective action members is not tolled until the individual files with the Court a consent to opt-in to the action.

*Hon. Alvin K. Hellerstein*
*Millan v. Citigroup, Inc.*
*07-CV-3769*
*January 31, 2008*
*Page 2*

members, who through no fault of their own, may be delayed in learning about this lawsuit -- and the reason for its need in this action -- the Defendants' request to address the individual merits of Mr. Millan's claim, i.e., whether he was properly classified as an exempt employee and not entitled to overtime -- the toll should continue up to the date the Court decides the motion. Counsel met and conferred on this issue since the most recent status conference, but have been unable to resolve their differences and thus seek the Court's assistance in resolving this issue.

**Defendants' Counsel Position**

Plaintiff asserts that he is entitled to a toll of the FLSA statute of limitations until the Court's ruling on any dispositive motions of Plaintiff's individual claims because without the toll, "the rights of the collective action members, who through no fault of their own, may be delayed in learning about this lawsuit" will allegedly not be protected. Plaintiff has essentially asked this Court to equitably toll the statute of limitations for all collective action members, but Plaintiff cannot establish that he or the other unknown collective action members are entitled to an equitable toll.

Courts within the Second Circuit have repeatedly recognized that the "extraordinary" relief of equitable tolling should be granted only to avoid the most inequitable circumstances. See e.g. Johnson v. Nyack Hospital, 86 F.3d 8, 12 (2d Cir. 1996) (equitable tolling is provided as a matter of fairness when plaintiff is prevented in some extraordinary way from asserting his or her rights); Patraker v. The Council on the Environ. of N.Y. City, Civ. A. No. 02-7382, 2003 WL 22703522, at *2 (S.D.N.Y. Nov. 17, 2003) (equitable tolling is a "exceedingly narrow" remedy); Jacobsen v. The Stop & Shop Supermarket Co., Civ. A. No. 02-5915, 2004 WL 1918795, at *3 (S.D.N.Y. Aug. 27, 2004) (recognizing the doctrine of equitable tolling should only be applied in "rare and exceptional circumstances in which a party is prevented in some *extraordinary way* from exercising his rights."); Moran v. GTL Construction, LLC, Civ. A. No. 06-168, 2007 WL 2142343, *3 (S.D.N.Y. July 24, 2007(equitable tolling only permitted under extraordinary circumstances).

"When determining whether equitable tolling is applicable, a court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Jacobsen, 2004 WL 1918795, at *3; see also Patraker, 2003 WL 22703522, at *2. When faced with equitable tolling arguments in connection with FLSA collective actions, courts within this the Second Circuit have consistently held that the fact that the plaintiffs alleged that the defendant misclassified them as exempt is not sufficient to satisfy that the circumstances are so extraordinary that the doctrine should apply. See e.g. Patraker, 2003 WL 22703522, at *2 (finding there is nothing extraordinary about plaintiff's complaint that defendant never told him that he was entitled to overtime pay); Jacobsen, 2004 WL 1918795, at *3 (finding that "[c]lassifying a job as exempt from the FLSA's overtime pay requirements is not "extraordinary" conduct such that the doctrine of equitable tolling should apply.").

Case 1:07-cv-03769-AKH    Document 23    Filed 02/07/2008    Page 3 of 4

*Hon. Alvin K. Hellerstein*
*Millan v. Citigroup, Inc.*
*07-CV-3769*
*January 31, 2008*
*Page 3*

   Moreover, a defendant's refusal to give the names of potential collective action members during individual phase of bifurcated discovery process is also not sufficient to satisfy that the circumstances are so extraordinary that the doctrine should apply Jacobsen, 2004 WL 1918795, at *1, 4. In Jacobsen, the plaintiff argued that the court should invoke the doctrine of equitable tolling because the defendant refused to give the names of other potential collective action members during the time when the parties were conducting discovery on the named plaintiff's individual claims. 2004 WL 1918795, at *1, 4. Like in this case, the Court in Jacobsen bifurcated discovery, and during the first phase of discovery, the parties only conducted discovery regarding the plaintiff's individual claims so that the court could determine whether the named plaintiff was an adequate class representative. Id. The court in Jacobsen found that plaintiff was not entitled to invoke the doctrine of equitable tolling because the defendant engaged in no trickery when it withheld discovery regarding the identities of potential collective action members because at all times the defendant had adhered to the court's discovery directives. Id. at 4.

   Like the defendant in Jacobsen, Defendants have engaged in no type of trickery that would invoke Plaintiff's entitlement to a toll. They have merely followed the Court's directive to engage in discovery solely on Plaintiff's individual claims.

   In addition, in this case, Plaintiff cannot possibly establish that he "has acted with reasonable diligence during the time period she seeks to have tolled." Plaintiff did quite the opposite. He has delayed the progression of this litigation every step of the way. Despite the fact that Plaintiff is claiming that he is entitled to lost wages for the entire time that he was employed by Defendant Citigroup Technology, Inc. (2000 until March of 2007), he waited until May 14, 2007 to commence this litigation (Docket No. 1). In addition, he waited until November 6, 2007 to file his Consent to become a party (Docket No. 21).

   Moreover, following the Court's September 21, 2007 Order that the parties complete all discovery of Plaintiff's individual claims by November 30, 2007, Plaintiff failed to answer Defendant's October 31, 2007 written discovery requests until December 11, 2007. In addition, despite repeated attempts by Defendants to obtain dates for Plaintiff's deposition, Plaintiff refused to cooperate until the Court ordered him to appear for his deposition on January 16, 2008.

   Thus, Defendants respectfully submit that Plaintiff is not entitled to an equitable toll of the statute of limitations through the Court's disposition of Defendants' motion for summary judgment. Defendants further respectfully request that Your Honor reconsider the issue of tolling, as it is Defendants' position that no tolling is necessary here.

Hon. Alvin K. Hellerstein
*Millan v. Citigroup, Inc.*
*07-CV-3769*
*January 31, 2008*
*Page 4*

## 2. Extension of Time for Defendants' 30(b)(6) Deposition

There is also another pending issue that the Plaintiff wishes to bring to the Court's attention. Also at the January 4, 2008 status conference, the Court ordered that the Plaintiff's deposition take place on January 16, 2008 and the Defendants' 30(b)(6) deposition take place on January 23, 2008.

### Plaintiff's Counsel Position

Due to several unfortunate coincidences, most notably the fact that both attorneys handling this matter for Plaintiff have been out sick for the past 10 days with the flu, we have been unable to complete these depositions. Accordingly, we request that the Court extend the time for Plaintiff to take the 30(b)(6) deposition(s) of Defendants for 2 weeks--up to and including February 7, 2008.

### Defendants' Counsel Position

Defendant's counsel does not oppose Plaintiff's counsel's request for a two week extension to conduct the 30(b)(6) deposition of Citigroup Technology, Inc.'s corporate representative. Defendant's counsel respectfully requests that all other deadlines remain the same.

Due to the foregoing, we request that the Court schedule a conference, either by telephone or in person, to address the tolling issues raised in this letter.

Respectfully submitted,

*[signature]*

Fran L. Rudich
Locks Law Firm,
Attorneys for Plaintiff

*[signature] /FLR*

Sarah E. Bouchard
Morgan, Lewis & Bockius
Attorneys for Defendants