IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMELO MILLAN, Individually and on Behalf of All other persons similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Judge Hellerstein |
| v. | )<br>) Case No. 07 CIV 3769<br>) |
| CITIGROUP INC.<br>CITIGROUP TECHNOLOGY, INC.<br>Defendants. | )<br>)<br>) |

### CONFIDENTIALITY AGREEMENT AND ORDER

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

(c) Discovery material containing trade secrets, or other sensitive business, commercial, proprietary, financial, personal or personnel information or any extracts or summaries thereof that is not publicly filed with any federal or state court or regulatory authority may be designated as "Confidential" without prejudice to a party's right to seek production of the Confidential materials

(d) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make an application to the court or special master to designate these materials as Confidential.

(e) Materials designated Confidential shall be shown only to the attorneys, the parties, parties' experts, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see Confidential materials shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidentiality designation. Other than the attorneys, persons to whom Confidential materials are to be shown shall execute an agreement to maintain such confidentiality, the form of which is set forth upon the attached Exhibit "A."

 (f) If a party believes that a document designated or sought to be designated Confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the court or special master for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

 (g) At the time of a deposition or within ten (10) days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this ten (10) day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order.

 (h) In filing materials with the court in pretrial proceedings, counsel shall file under seal only those specific materials ~~and that deposition testimony designated as Confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such Confidential material~~ *that the court allows to be filed under seal.* [initialed AKH]

 (i) If a party is served with a subpoena for any Confidential material, the party served shall give opposing counsel seven days notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, before producing any Confidential material demanded in the subpoena.

 (j) Upon final termination of this action, all persons subject to this Order shall destroy all Confidential material (and all documents containing information referring to or derived therefrom), including all copies thereof or return all such information to counsel for Defendant. If the parties choose destroy the Confidential material, then, at that time, counsel for each party shall certify to counsel for the opposing party that all such documents or materials have been destroyed. Such certification shall be made within a reasonable time after termination of the action. *Provided that exhibits and materials submitted to the court shall be preserved.* [initialed AKH]

 (k) Nothing in this Order shall prejudice Defendants' right to make any use of, or disclose to any person, any material they have designated as Confidential, during the course of their normal business operations, without prior Court order, or to waive the provisions of this Order with respect to any Confidential material.

 (l) Nothing in this Order shall prevent or affect the right of any party to use any Confidential material at trial; however, the parties acknowledge that the institution of procedures relating to the use of Confidential material at trial in order to protect its confidential and proprietary nature will be necessary, and the parties agree that, prior to

2

the commencement of trial, they will approach the Court, either jointly or separately, in order to formulate and institute those procedures.

Dated: New York, New York
Dated: 1/9/08

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Samuel S. Shaulson
Carrie A. Gonell
101 Park Avenue
New York, NY 10178
(212) 309-6000

Michael L. Banks
Sarah E. Bouchard
Sarah E. Pontoski
Kelly Basinger Charnley
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

Attorneys for Defendant

Dated: New York, New York
Dated: 1/8/08

LOCKS LAW FIRM, PLLC

By: _____
Fran L. Rudich (FR 7577)
Seth R. Lesser (SL 5560)
110 East 55th Street, 12th Floor
New York, New York 10022
(212) 838-3333

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
(212) 228-9795

Attorneys for Plaintiff

So Ordered and Entered this 20 day of Feb., 2008

J. _____

3

# EXHIBIT A

I, _____, certify that I have read the Confidentiality Order dated _____, 2008, entered by the _____ in the matter of _____ vs. _____. I further certify that I fully understand the procedural and substantive requirements of that Confidentiality Order, a copy of which is attached hereto. Before reviewing or receiving access to any document, material, information and/or discovery subject to the protection of that Order and as a condition for such review and/or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Order. I subject myself to the jurisdiction and venue of said Court for purposes of enforcement of the Order.

Dated this _____ day of _____, 2008.

_____