Page 5

1999 DOLWH LEXIS 88, *

3 of 8 DOCUMENTS

[NO NUMBER IN ORIGINAL]

U.S. Department of Labor
Employment Standards Administration
Wage and Hour Division

1999 DOLWH LEXIS 88

August 19, 1999

**JUDGES:** Daniel F. Sweeney, Office of Enforcement Policy, Fair Labor Standards Team

**OPINION:**

[*1]
Dear

This is in response to your letter requesting an opinion regarding the application of the FLSA to individuals employed as customer training consultants (CTCs). You ask whether the CTCs would qualify as either exempt administrative employees or exempt computer professional employees.

The CTCs are employed in your client's information management firm. The firm engages in, among other things, the installation of computer systems and customer training on the installed software. CTCs provide training to employees on customers' specialized computer software; manipulate and modify software settings and specifications (e.g. toolbars and setup) to fit and respond to customer needs (does not include program writing or software developing); install, debug, troubleshoot, and convert data from old systems to the new conversions; test customers' modems; and conduct customer follow-up visits to ensure customer satisfaction.

You state that CTCs are paid a salary of approximately $ 26,000 to $ 27,000. Some CTCs have bachelors' degrees in a business or technical discipline, and others have a strong industry, technical or business background.

Section 13(a)(1) of the FLSA provides a complete [*2] minimum wage and overtime exemption for any employee employed in a bona fide executive, administrative, or professional capacity, as those terms are defined in Regulations, 29 CFR Part 541 (copy enclosed). An employee may qualify for exemption if all the pertinent tests relating to duties, responsibilities and salary, as discussed in the appropriate section of the regulations, are met.

An employee who is paid on a salary or fee basis of at least $ 250 per week may qualify for exemption as a bona fide administrative employee if the employee's primary duty is office or nonmanual work directly related to management policies or general business operations of his/her employer or his/her employer's customers, and the employee's work requires the exercise of discretion and independent judgment.

Under section 541.205 of the regulations, activities that are "directly related to management policies or general business operations" of an employer are those relating to the administrative operations of a business. The exemption is limited to employees who perform work of substantial importance to the management or operation of the employer's business. The administrative operations of the business [*3] include white collar employees engaged in servicing a business. Examples of such activity include advising the management, planning, negotiating, representing the company, and business research. The phrase "directly related to management policies or to general business operations" include those whose work affects policy or whose responsibility it is to carry it out. This includes employees who are advisory specialists and consultants of various kinds.

Based on the information in your letter, it is our opinion that the CTCs would not qualify as bona fide administrative employees. These individuals perform technical tasks, which do not constitute making or implementing policy, or the performance of management functions, necessary for the application of the exemption.

Page 6

1999 DOLWH LEXIS 88, *

An employee who is paid on a salary or fee basis of at least $ 250 per week may qualify for exemption as a bona fide professional employee if the employee's primary duty is work that requires theoretical and practical application of highly-specialized knowledge in computer systems analysis, programming, and software engineering and who is employed and engaged in these activities as a computer systems analyst, computer [*4] programmer, software engineer, or other similarly skilled worker in the computer software field, as provided in section 541.303 of the regulations.

Section 541.303 makes it clear that employees who qualify for this exemption are highly-skilled in computer systems analysis, programming, or related work in software functions. Examples of such employees include computer programmer, systems analyst, computer systems analyst, computer programmer analyst, applications programmer, applications systems analyst, applications systems analyst/programmer, software engineer, software specialist, systems engineer, and systems specialist. Job titles alone, however, are not the determining factor for exemption under section 541.3(a)(4). An employee's primary duty must consist of 1) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications; 2) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications; 3) the design, documentation, testing, creation or [*5] modification of computer programs related to machine operating systems; or 4) a combination of the above duties, the performance of which requires the same level of skills.

It appears from the information given that the CTCs are not engaged in determining hardware/software, or system functional specifications; or designing, developing, documenting, analyzing, creating, testing, or modifying computer systems or programs as required by the regulations. Their duties of training customers on specialized computer software; changing software settings and specifications to fit customer needs; testing modems; installing, debugging, troubleshooting, and converting data from the old system to the new conversion would not qualify them for the professional exemption as described above.

This opinion is based exclusively on the facts and circumstances described in your request and is given on the basis of your representation, explicit or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your request might [*6] require a different conclusion than the one expressed therein. This opinion is also provided on the basis that it is not sought on behalf of a client or firm that is under investigation by the Wage and Hour Division, or that is in litigation with respect to, or subject to the terms of any agreement or order applying, or requiring compliance with the provisions of the FLSA.

We trust this information is responsive to your inquiry.

Sincerely,