Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Sarah E. Bouchard**
215.963.5077
sbouchard@morganlewis.com
eFax: 877.432.9652

January 18, 2008

**BY E-MAIL AND REGULAR MAIL**

Fran L. Rudich, Esquire
Locks Law Firm
110 East 55th Street, 12th Floor
New York, NY 10022

Re:  *Carmelo Millan, Individually and on Behalf of all other persons similarly situated v. Citigroup, Inc.,* C.A. No. 07CV3769

Dear Ms. Rudich:

I write regarding Plaintiff's Notices of Deposition pursuant to Rule 30(b)(6), which Plaintiff served upon Defendant Citigroup Technology, Inc., and Defendant Citigroup Inc. ("Notices of Deposition"). Plaintiff has noticed the depositions for Defendants' corporate designees on January 22, 2008. During Mr. Millan's deposition on January 16, 2008, we spoke with your colleague, Janet Walsh, regarding the deposition of Citigroup Technology, Inc.'s corporate designee. We informed her that Amedeo Discepolo is available to be deposed on January 23, 2008, the date that the Court directed Defendants to produce a corporate designee. We have not received a response from you regarding whether you will depose Mr. Discepolo on January 23, 2008. Please inform us whether you plan to go forward with Mr. Discepolo's deposition on January 23, 2008, and, if so, when you plan to begin the deposition.

In addition, Defendants object to the Notice of Deposition that Plaintiff served upon Defendant Citigroup Inc. As you know, Judge Hellerstein directed the parties to explore facts regarding Mr. Millan's specific claims only, as the Judge expressed an interest in learning about Mr. Millan's job duties and claims before opening this case to broader discovery. Mr. Millan was never employed by Citigroup Inc., and thus, a corporate designee of Citigroup Inc. would not have information that is relevant to Mr. Millan's individual claims or likely to lead to the discovery of admissible evidence.

Finally, Defendants object to the Notice of Deposition that Plaintiff served upon Defendant Citigroup Technology, Inc. because some of Plaintiff's proposed areas of inquiry are so vague

JAN 2 2 2008

**Morgan Lewis**
COUNSELORS AT LAW

Fran L. Rudich, Esquire
January 18, 2008
Page 2

and overbroad that Defendants would not be able to produce a witness to testify regarding these issues.  First, the fourth proposed area of inquiry refers to "IT Support Technicians."  Mr. Millan's title, however, was never "IT Support Technician," and Plaintiff has not identified any individual similarly situated to Mr. Millan with that title.

Second, Plaintiff requests "Plaintiff's job duties, responsibilities and manner for performing them for shift managers."  Plaintiff never had the title "shift manager", and thus, this area of inquiry is beyond the scope of the Court's discovery directives to the extent that it calls for information regarding "shift managers."  Nonetheless, Citigroup Technology, Inc., will produce a corporate designee to testify regarding Plaintiff's job duties, responsibilities and manner of performing them.

Third, the decision to classify Plaintiff's position as exempt was made before Plaintiff commenced employment.  Moreover, the reason for the decision to classify Plaintiff as an exempt employee under the FLSA and New York Labor Law and the information relied upon to classify Plaintiff as an exempt employee under the FLSA is not dispositive of whether Plaintiff was in fact an exempt employee under the FLSA.  Thus, such areas of inquiry are also beyond the scope of the Court's discovery directives.

Fourth, the phrases "human resources software and record maintenance system for any human resources files" and "payroll software and record maintenance system for any payroll files or documents" are vague and/or ambiguous.  Moreover, the software used by Citigroup Technology, Inc. is not dispositive of Plaintiff's claims.  Thus, such areas of inquiry are also beyond the scope of the Court's discovery directives.

In sum, Citigroup Technology, Inc. will agree to produce a corporate deponent to testify regarding the following topics: 1) the organizational structure of all departments, groups, divisions and offices in which Plaintiff worked during the relevant time period, 2) Plaintiff's job duties, responsibilities and manner of performing them during the relevant time period, 3) Defendant's manner of compensating Plaintiff, and 4) Defendant's method of recording hours worked by Plaintiff during the relevant time period.  As set forth above, Mr. Discepolo is available to be deposed on January 23, 2008 to testify regarding these topics.

Very truly yours,

Sarah E. Bouchard

SEB/jk