LAW OFFICES
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000

1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

ATTORNEYS FOR DEFENDANTS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARMELO MILLAN, individually, and on Behalf of All Other Persons Similarly Situated,<br><br>       Plaintiffs,<br><br>  vs.<br><br>CITIGROUP, INC.,<br>CITIGROUP TECHNOLOGY, INC.<br><br>       Defendants. | Civil Action No.  07-CIV-3769<br><br>*Electronically Filed* |

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO STRIKE PETER GARZA'S DECLARATION**

              Sam S. Shaulson (SS 0460)
              MORGAN, LEWIS & BOCKIUS LLP
              101 Park Avenue
              New York, New York  10178
              (212) 309-6000

              Sarah E. Bouchard (Pa. I.D. #77088)
              Sarah E. Pontoski (Pa. I.D. #91569)
              *Admitted Pro Hac Vice*
              MORGAN, LEWIS & BOCKIUS LLP
              1701 Market Street
              Philadelphia, PA 19103-2921
              (215) 963-5077/5059

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. PROCEDURAL HISTORY............................................................................................ 2

III. ARGUMENT................................................................................................................... 5

    A. Mr. Garza's Declaration Is Inadmissible Under <u>Daubert</u> ..................................... 5

        1. The Supreme Court requires this Court to act as a gatekeeper for unreliable or unhelpful expert testimony. .................................................. 5

        2. Mr. Garza's legal conclusions regarding whether Plaintiff is exempt under the FLSA are not admissible under <u>Daubert</u>. ...................... 7

        3. Mr. Garza is not qualified to offer expert testimony regarding whether Plaintiff is exempt within the meaning of the FLSA ................... 8

        4. Mr. Garza's declaration lacks reliability...................................................... 9

    B. Even If The Court Should Find That Mr. Garza's Declaration Is Admissible Under <u>Daubert</u>, It Should Exclude His Declaration Because Plaintiff Improperly Engaged in Expert Discovery. ........................................... 10

IV. CONCLUSION.............................................................................................................. 11

i

## TABLE OF AUTHORITIES

Amorgianos v. Nat'l R.R. Passenger Corp.,
303 F.3d 256 (2d Cir. 2002)......................................................................................................5, 9

Baumgart v. Transoceanic Cable Ship Co.,
No. 01 Civ. 5990 LTS HBP, 2003 WL 22520034 (S.D.N.Y. Nov. 7, 2003) ...............................11

Bonton v. City of New York,
No. 03 Civ. 2833, 2004 WL 2453603 (S.D.N.Y. Nov. 3, 2004) ....................................................6

Boucher v. U.S. Suzuki Motor Corp.,
73 F.3d 18 (2d Cir. 1996) ..............................................................................................................6

Cowan v. Treetop Enters., Inc.,
120 F. Supp. 2d 672 (M.D. Tenn. 1999).......................................................................................7

Daubert v. Merrell Dow Pharms., Inc.,
509 U.S. 579 (1993)..............................................................................................................1, 5, 7, 9

Garrett v. Kenmore Mercy Hosp.,
No. 96-CV-0472, 1998 WL 89357 (W.D.N.Y. Feb. 23, 1998) ......................................................6

Harris v. Key Bank Nat'l Ass'n,
193 F. Supp. 2d 707 (W.D.N.Y. 2002) ..........................................................................................7

Keyes v. Am. Airlines, Inc.,
No. CV-00-4480, 2006 WL 3483927 (E.D.N.Y. Nov. 30, 2006)...................................................6

Marting v. Crawford & Co.,
Civ. A. No. 00-7132, 2004 WL 305724 (N.D.Ill. Jan. 9, 2004) ........................................6, 7, 8, 9

Murphy v. Gen. Elec. Co.,
245 F. Supp. 2d 459 (N.D.N.Y. Jan. 16, 2003)..............................................................................6

Nimely v. City of New York,
414 F.3d 381 (2d Cir. 2005).................................................................................................6, 7, 8, 9

Rowe Entm't v. William Morris Agency,
No. 98 CIV. 8272, 2003 WL 22124991 (S.D.N.Y. Sept. 15, 2003)...............................................6

A Slice of Pie Prods., LLC v. Wayans Bros. Entm't,
487 F. Supp. 2d 33 (D. Conn. 2007)..............................................................................................11

Torres v. County of Oakland,
758 F.2d 147 (6th Cir. 1985) .........................................................................................................8

Turrentine v. Bell Canada,
No. 98-7942, 1999 WL 220146 (2d Cir. Apr. 13, 1999) ...................................................................6

United States v. Weill,
34 F.3d 91 (2d Cir. 1994) ................................................................................................................7

United States v. Williams,
506 F.3d 151 (2d Cir. 2007)............................................................................................................7

Wyche v. Marine Midland Bank,
No. 94 Civ. 4022, 1997 WL 109564 (S.D.N.Y. Mar. 11, 1997) .....................................................6

**RULES**

Fed. R. Evid. 702 ........................................................................................................................5, 6

**I.      INTRODUCTION**

Defendants object to the testimony of Plaintiff's expert Peter Garza, filed in support of Plaintiff's opposition to Defendants' motion for summary judgment, in its entirety. Mr. Garza offers testimony regarding the ultimate legal issue in this case – whether Plaintiff is exempt within the meaning the Fair Labor Standards Act ("FLSA"). Testimony in the form of a legal conclusion, however, is not admissible under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). Moreover, while Mr. Garza may have significant experience in the areas of e-discovery and computer forensics, he is not qualified to offer expert testimony about whether Plaintiff is exempt within the meaning of the FLSA. Even if Mr. Garza was qualified and did not present testimony in the form of a legal conclusion, his declaration is inadmissible under Daubert because it does not satisfy the requirement of reliability for the admission of expert testimony because it does not set forth his methodology for analyzing Plaintiff's position or indicate that this unspecified methodology has been verified through scientific tests or experiments. For these reasons alone, the Court should strike Mr. Garza's declaration in its entirety.

In addition, the Court should strike Mr. Garza's declaration because it is outside the confines of the discovery defined by this Court. The Court limited discovery to Plaintiff's individual claims. Specifically, the Court indicated that the parties could engage in written discovery, Defendants could depose Plaintiff, and Plaintiff could depose Defendants' Rule 30(b)(6) corporate designee(s). At no time did the parties request, and at no time did the Court indicate, that the parties could engage in expert discovery in connection with Plaintiff's individual claims. Not only did Plaintiff exceed the confines of the discovery mandated by the Court by obtaining the testimony of Mr. Garza, but he also failed to disclose Mr. Garza in sufficient time for Defendants to depose him prior to filing their motion for summary judgment. For these additional reasons, the Court should strike Mr. Garza's testimony.

## II.     PROCEDURAL HISTORY

On May 14, 2007, Plaintiff Carmello Millan ("Plaintiff") filed a complaint and asserted a FLSA collective action claim and New York Labor Law class action claim against Defendant Citigroup Inc.  On September 21, 2007, Plaintiff amended his complaint to name Citigroup Technology, Inc. as a Defendant.  On September 21, 2007, the parties also attended an initial pre-trial conference.  During the conference, the Court mandated that discovery would be limited to Plaintiff's individual claims and that discovery would close on November 30, 2007.  (See Ex. A).  The parties engaged in written discovery, but despite Defendants' best efforts, Defendants did not depose Plaintiff prior to November 30, 2007 because Plaintiff refused to provide Defendants with his availability for his deposition.  (See Ex. B).

Following the initial November 30, 2007 discovery deadline, Defendants continued to attempt to obtain Plaintiff's availability for his deposition and to conduct his deposition, but Plaintiff continued to refuse to provide Defendants with his availability.  (See Ex. C).  Thereafter, on January 4, 2008, the parties attended a status conference.  At the status conference, the Court further defined the confines of discovery.  It indicated that it would permit Defendant to depose Plaintiff and Plaintiff to depose Defendants' Rule 30(b)(6) corporate designee(s), and it ordered the parties to conduct Plaintiff's deposition on January 16, 2008 and to conduct the 30(b)(6) deposition of Citigroup Technology, Inc.'s Rule 30(b)(6) corporate designee on or before January 23, 2008.  (Docket No. 22).[1]  The Court further ordered Defendants to submit a motion for summary judgment on Plaintiff's exemption status on or before February 22, 2008.  (Id.).  At the status conference, the parties never requested, and the

---

[1]   This deadline was extended until February 20, 2008.  (Docket No. 24).

2

Court never indicated, that the parties could engage in any additional discovery, including expert discovery.

The parties completed all discovery on February 20, 2008. (Docket Nos. 24 & 26). After the parties completed discovery, they mutually agreed that it was not necessary to attend the status conference scheduled for February 22, 2008. (Docket No. 24). As a result, at the parties' request, the Court cancelled the February 22, 2008 status conference. (Id.). At no time prior to the parties' agreement did Plaintiff indicate that he wanted to engage in expert discovery in connection with the motion for summary judgment. Moreover, he had the opportunity to request that the Court permit him to engage in such discovery at the February 22, 2008 status conference, and he voluntarily agreed to cancel the conference. (Docket No. 24).

On February 22, 2008, Plaintiff's counsel wrote Defendants' counsel and indicated that after completing the depositions of Defendant CTI's two 30(b)(6) designees, Plaintiff wanted to depose Paul Holder. (See Ex. D). The February 22, 2008 letter clearly demonstrates that given the February 22, 2008 deadline for Defendants to submit a motion for summary judgment, Plaintiff understood that in order to obtain any additional discovery, he needed to obtain Defendants' consent and/or obtain consent and an extension of all deadlines from the Court. (See id.) Tellingly, in her February 22, 2008 letter, Plaintiff's counsel never indicated that Plaintiff wanted to engage in expert discovery in connection with the motion for summary judgment. (Id.). In addition, Plaintiff never sought the Court's consent or an extension of all deadlines from the Court so that he could engage in expert discovery.

In accordance with the Court imposed deadlines, on February 22, 2008, Defendants filed their motion for summary judgment. On March 14, 2008, Plaintiff filed a response to Defendants' motion for summary judgment, simultaneously disclosed its expert, Paul Garza, and

3

offered his expert testimony in opposition to Defendants' motion for summary judgment. (See Ex. E). Plaintiff never disclosed Mr. Garza prior to filing his opposition to Defendants' motion for summary judgment. (Id.). Because of Plaintiff's untimely disclosure, Defendants never had the opportunity to depose Mr. Garza regarding his opinions or to obtain an expert witness to rebut his testimony.

In his declaration, Mr. Garza, a Senior Vice President of EvidentData, Inc., who specializes in computer forensics, electronic discovery and expert consulting, opines on the ultimate legal issue in this case - whether Plaintiff is an exempt employee under the FLSA's computer professional and/or administrative exemptions. (See generally Exs. F and G). In rendering his opinion, Mr. Garza gave no indication of the methodology that he applied, let alone an indication that the methodology that he applied was reliable. (Id.). Instead, he recited verbatim computer printouts regarding Cisco examinations, certifications and devices and provides pictorial graphics of Cisco devices used by Plaintiff in connection with the performance of his duties for CTI. (See Ex. F). Without any analysis whatsoever, from these verbatim recitations, as well as from testimony presented by witnesses deposed in connection with this case and Plaintiff's own conclusory declaration, Mr. Garza has drawn unsupported conclusions that Plaintiff was allegedly a non exempt employee under the FLSA because he allegedly did not meet either the computer professional exemption or the administrative exemption. (Id.) For example, Mr. Garza opines that Plaintiff's job duties "lack elements of independent judgment or discretion" and do not "involve the application of systems analysis or design." (Ex. F ¶ 8) (emphasis added). By way of another example, Mr. Garza opines that "[u]nderstanding the physical layout of a 'stack' of computers in a server room or the distance between network devices does not require a significant amount of discretion." (emphasis added). (Id. ¶ 10). For

the reasons set forth below, the Court should not consider Mr. Garza's unreliable and conclusory opinion regarding the ultimate legal issue in this case in connection with the motion for summary judgment.

## III. ARGUMENT

### A. Mr. Garza's Declaration Is Inadmissible Under Daubert

#### 1. The Supreme Court requires this Court to act as a gatekeeper for unreliable or unhelpful expert testimony.

The Supreme Court's decision in <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579 (1993), strengthened a trial court's role in limiting expert testimony under Fed. R. Evid. 702 by requiring that it act as a "gatekeeper" to ensure that proposed testimony is both <u>reliable</u> and <u>relevant</u>. Expert testimony is admissible only "[i]f scientific, technical, or other specialized knowledge <u>will assist the trier of fact</u> to understand the evidence or to determine a fact in issue, a witness <u>qualified as an expert by knowledge, skill, experience, training, or education</u>, may testify thereto in the form of an opinion or otherwise, if [:]

>(1) the testimony is based upon <u>sufficient facts or data</u>,
>
>(2) the testimony is the product of <u>reliable principles and methods</u>, and
>
>(3) the witness has <u>applied</u> the principles and methods reliably to the facts of the case."

Fed. R. Evid. 702 (emphasis added).

Interpreting <u>Daubert</u> and Fed. R. Evid. 702, the Second Circuit instructs that a court must conduct a "rigorous" examination of (1) the facts relied on by the expert, (2) the method by which the expert draws conclusions, and (3) how the expert applies the facts and methods to the case. See <u>Amorgianos v. Nat'l R.R. Passenger Corp.</u>, 303 F.3d 256, 267 (2d Cir. 2002) (affirming exclusion of expert testimony that was based on unsound methodology, contained unreliable opinions, and reached conclusions outside expert's area of expertise). Courts in the

5

Second Circuit consistently exclude expert evidence testimony that is not both reliable and relevant.[2] See, e.g., Nimely v. City of New York, 414 F.3d 381, 399 (2d Cir. 2005) (reversing admission of flawed expert evidence based on a faulty methodology and "unverifiable subjectivity"); Turrentine v. Bell Canada, No. 98-7942, 1999 WL 220146, at *1 (2d Cir. Apr. 13, 1999) (affirming exclusion of expert evidence based on a faulty methodology as to establishing causation); Boucher v. U.S. Suzuki Motor Corp., 73 F.3d 18, 21-23 (2d Cir. 1996) (reversing lower court's failure to exclude expert evidence that was "based on speculative assumptions"); Keyes v. Am. Airlines, Inc., No. CV-00-4480, 2006 WL 3483927, at *4-5 (E.D.N.Y. Nov. 30, 2006) (excluding unreliable expert report); Bonton v. City of New York, No. 03 Civ. 2833, 2004 WL 2453603, at *3-4 (S.D.N.Y. Nov. 3, 2004) (excluding expert evidence that failed to "show a causal link"); Murphy v. Gen. Elec. Co., 245 F. Supp. 2d 459, 467-68 (N.D.N.Y. Jan. 16, 2003) (excluding expert's analyses that were "based on insufficient facts or data"); Rowe Entm't v. William Morris Agency, No. 98 CIV. 8272, 2003 WL 22124991, at *9 (S.D.N.Y. Sept. 15, 2003) (excluding expert evidence that was unreliable); Garrett v. Kenmore Mercy Hosp., No. 96-CV-0472, 1998 WL 89357, at **7-8 (W.D.N.Y. Feb. 23, 1998) (excluding expert analyses based on flawed methodology); Wyche v. Marine Midland Bank, No. 94 Civ. 4022, 1997 WL 109564, at **1-2 (S.D.N.Y. Mar. 11, 1997) (excluding expert evidence that "would not assist the trier of fact"); see also Marting v. Crawford & Co., Civ. A. No. 00-7132, 2004 WL 305724, at *1, 3 (N.D.Ill. Jan. 9, 2004) (excluding expert report because it "merely parrot's [plaintiff's] assertions that she is a non-exempt employee under the FLSA without providing significant analysis.").

---

[2]   Fed. R. Evid. 702, Ad. Comm. Notes, 2000 Amendments (observing that the factors for reliability vary from expertise to expertise, but in all cases the proffered expert testimony must be grounded in an accepted body of learning or experience, well-reasoned, and not speculative).

It is well-established that the proponent of expert testimony has the burden of establishing, by a preponderance of the evidence, that it satisfies Daubert.  See United States v. Williams, 506 F.3d 151, 160 (2d Cir. 2007).  Plaintiff clearly cannot meet this burden with respect to Mr. Garza's testimony.

> **2.    Mr. Garza's legal conclusions regarding whether Plaintiff is exempt under the FLSA are not admissible under Daubert.**

It is well established that under Daubert an expert may not present testimony in the form of a legal conclusion.  See, e.g., United States v. Weill, 34 F.3d 91, 96 (2d Cir. 1994) (reversing grant of summary judgment, in part because defendants could not rely upon opinion of expert regarding legal fact and recognizing that "[i]t is a well-established rule in this Circuit that experts are not permitted to present testimony in the form of legal conclusions"); Nimely, 414 F.3d at 397 (vacating judgment of district court against defendants and remanding case for new trial because trial court should not have admitted expert testimony, and recognizing that expert testimony that "usurps either the role of the trial judge in instructing the jury as to the applicable law or the law or the role of the jury in applying the law to the facts before it by definition does not aid the jury in making a decision") (internal citations omitted); Harris v. Key Bank Nat'l Ass'n, 193 F. Supp. 2d 707, 716 (W.D.N.Y. 2002) (granting defendant's motion for summary judgment; finding that expert's testimony that defendant owed plaintiff fiduciary duty and defendant breached duty, was purely legal and inadmissible).

Specifically, in the context of a FLSA claim, an expert may not opine whether an individual is exempt within the meaning of the FLSA.  See, e.g., Marting v. Crawford & Co., Civ. A. No. 00-7132, 2004 WL 305724, at *1, 3 (N.D.Ill. Nov. 13, 2000) (excluding testimony from expert that plaintiff did not customarily or regularly exercise discretion and independent judgment within meaning of FLSA); Cowan v. Treetop Enter., Inc., 120 F. Supp. 2d 672, 684

7

(M.D. Tenn. 1999) (excluding expert testimony in connection with FLSA claim because expert opined on legal issue – plaintiff's primary responsibilities).

When determining whether an expert opinion consists solely of legal conclusions, the Court should look to whether the terms used by the expert have a specialized meaning in the law, different from that used by lay persons, and if they do, exclusion is appropriate. See Torres v. County of Oakland, 758 F.2d 147, 151 (6th Cir. 1985).

In this case, Plaintiff's expert offers nothing more than his unsupported opinion regarding whether Plaintiff is exempt within the meaning of the FLSA. He opines on whether Plaintiff's duties meet the definitions of terms that have specialized meaning in the law. For example, Mr. Garza opines that Plaintiff's job duties "lack elements of independent judgment or discretion" and do not "involve the application of systems analysis or design." By way of another example, Mr. Garza opines that "[u]nderstanding the physical layout of a 'stack' of computers in a server room or the distance between network devices does not require a significant amount of discretion." (emphasis added). (See supra at 4-5). Such an opinion clearly consists of mere legal conclusions, is not admissible under Daubert and should be excluded by this Court.

### 3. Mr. Garza is not qualified to offer expert testimony regarding whether Plaintiff is exempt within the meaning of the FLSA.

In order for an expert's opinion to be admissible under Daubert, he must qualify as an expert with respect to the matter that is at issue, it is not sufficient that he is qualified to express opinions as to other fields. Nimely, 414 F.3d at 399 n.13 (recognizing that "because a witness qualifies as an expert with respect to certain matters or areas of knowledge, it by no means follows that he or she is qualified to express expert opinions as to other fields."); Marting, 2004 WL 305724, at *3 (recognizing that "[t]he testimony offered by the expert must draw upon his special experience" and excluding expert testimony despite the fact that expert was "an educated,

8

prolific and well respected academic"). In this case, while it appears that Mr. Garza may potentially have the requisite expertise to testify regarding e-discovery and computer forensics, Plaintiff has not and cannot demonstrate that Mr. Garza has the requisite experience to testify regarding whether Plaintiff is an exempt employee within the meaning of the FLSA. (See supra at 4).

### 4. Mr. Garza's declaration lacks reliability.

Mr. Garza's declaration does not set forth his methodology for analyzing Plaintiff's position. Nor does it indicate that this unspecified methodology has been verified through scientific tests or experiments. Mr. Garza cannot demonstrate that he has published any articles regarding his methodology for determining whether jobs are exempt under the FLSA. Whatever unknown analysis Mr. Garza engaged in clearly was not based on empirical studies and statistics, but instead was based on no analysis at all – Mr. Garza appears to have merely reviewed Plaintiff's job functions and certain information on the Internet regarding Cisco classes, certifications and products and carefully tailored the information to attempt to support Plaintiff's equally conclusory and speculative positions regarding his job functions. (See supra at 4-5). Mr. Garza's "methodology" is clearly not reliable under Daubert. See Amorgianos, 303 F.3d at 266 (quoting Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997)) (recognizing that "nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert."); see also Nimely, 414 F.3d at 396-97 (recognizing that "'when an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, Daubert and Rule 702 mandate the exclusion of that unreliable opinion testimony'") (quoting Amorgianos, 303 F.3d at 266); see also Marting, 2004 WL 305724, at *2-3 (finding report lacked reliability because report not verified through scientific method or tests, expert did not publish any articles on

9

methodology, and analysis was not based on extensive empirical studies and statistics, "but merely based on dividing [plaintiff's] tasks up and deciding if she exercised discretion and independent judgment in each category" in an attempt to support plaintiff's conclusory position).

> **B.** **Even If The Court Should Find That Mr. Garza's Declaration Is Admissible Under <u>Daubert</u>, It Should Exclude His Declaration Because Plaintiff Improperly Engaged in Expert Discovery.**

The parties attended two scheduling conferences during which the Court clearly defined the confines of discovery. During those conferences, the Court indicated that the parties were permitted to conduct written discovery, Defendants were entitled to depose Plaintiff, and Plaintiff was entitled to depose Defendant CTI's Rule 30(b)(6) corporate designee(s). At no time during those two conferences did Plaintiff request the opportunity to conduct expert discovery prior to the submission of Defendants' motion for summary judgment. (<u>See</u> <u>supra</u> at 2-4).

In addition, following the close of the discovery permitted by the Court, Defendant never requested to engage in expert discovery. In fact, Plaintiff specifically agreed to cancel the February 22, 2008 status conference during which he could have requested the opportunity to engage in expert discovery. Plaintiff clearly knew that he would have to request any additional discovery, as he indicated that he wanted to take another deposition on February 22, 2008, and he sought Defendants' approval and indicated that he would seek the Court's approval, to take that deposition. Moreover, Plaintiff never disclosed Garza prior to the close of discovery or prior to filing his opposition to Defendants' motion for summary judgment. (<u>See</u> <u>supra</u> at 2-4).

It is clear that Plaintiff never requested the opportunity to engage in expert discovery, and the Court never permitted the parties to engage in expert discovery prior to the submission with Defendants' motion for summary judgment. (<u>See</u> <u>supra</u> at 2-4). Thus, this Court should strike Plaintiff's expert declaration because it does not comply with this Court's discovery directives, and Plaintiff failed to timely disclose his expert so that Defendants could depose him before they

filed their summary judgment motion.  See Baumgart v. Transoceanic Cable Ship Co., No. 01 Civ. 5990 LTS HBP, 2003 WL 22520034, at *2 (S.D.N.Y. Nov. 7, 2003) (precluding expert's testimony where Plaintiff could not show that his failure to comply with discovery rules was substantially justified); A Slice of Pie Prods., LLC v. Wayans Bros. Entm't, 487 F.Supp.2d 33, 39 (D.Conn. 2007) (striking report that was not served until after summary judgment motions were filed and after deadline for expert deadline and recognizing that "to hold otherwise would be to render scheduling orders irrelevant").[3]

**IV.     CONCLUSION**

For the reasons set forth above, the Court should strike Mr. Garza's declaration, and it should not be considered in connection with Plaintiff's response to Defendants' motion for summary judgment.

Dated: April 1, 2008                                 Respectfully submitted,

By: /s/ Sarah E. Bouchard
Sam S. Shaulson (SS 0460)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York  10178
(212) 309-6000

Sarah E. Bouchard (Pa. I.D. #77088)
Sarah E. Pontoski (Pa. I.D. #91569)
*Admitted Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5387/5077/5059/5763

---

[3]  At the least, the Court should grant Defendants leave to depose Mr. Garza so that they may further supplement this motion and their motion for summary judgment.

11