# EXHIBIT A

FILE COPY

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Sarah E. Bouchard**
215.963.5077
sbouchard@morganlewis.com
eFax: 877.432.9652

November 8, 2007

**BY FACSIMILE AND REGULAR MAIL**

Fran L. Rudich, Esquire
Locks Law Firm
110 East 55th Street, 12th Floor
New York, NY 10022

Re:   *Carmelo Millan, Individually and on Behalf of all other persons similarly situated v. Citigroup, Inc.*, C.A. No. 07CV3769

Dear Ms. Rudich:

I write regarding Plaintiff's Notices of Deposition pursuant to Rule 30(b)(6), which Plaintiff served upon Defendant Citigroup Technology, Inc., and Defendant Citigroup Inc. ("Notices of Deposition").

In short, Defendants object to all of the proposed areas of questioning set forth in the Notices of Deposition, as not one topic area focuses on Mr. Millan's individual claims. Although you personally did not attend the September 21, 2007 conference before Judge Hellerstein, the associate who attended in your absence should have informed you of the Judge's clear instructions as to what was to occur prior to our next court conference, currently scheduled for November 30. Judge Hellerstein directed the parties to explore facts regarding Mr. Millan's specific claims only, as the Judge expressed an interest in learning about Mr. Millan's job duties and claims before opening this case to broader discovery. In doing so, he specifically declined to enter into any discovery plan that contemplated any briefing for conditional or class certification.

Furthermore, even if the Court had allowed for broader discovery (which it did not), Plaintiff's proposed areas of inquiry are so vague and overbroad that Defendants would not be able to produce a witness to testify regarding these issues. Specifically, all of the proposed areas of inquiry refer to "IT Support Technicians." Mr. Millan's title, however, was never "IT Support Technician," and Plaintiff has not identified any individual similarly situated to Mr. Millan with that title. If, however, Plaintiff re-serves Notices of Deposition that comply with the Court's

Fran L. Rudich, Esquire
November 8, 2007
Page 2

**Morgan Lewis**
COUNSELORS AT LAW

directives regarding the present scope of discovery, Defendant CTI would be more than willing to designate and produce one or more 30(b)(6) deponents on a mutually convenient date.

Very truly yours,

Sarah E. Bouchard

SEB/jk