LAW OFFICES
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000

1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

ATTORNEYS FOR DEFENDANTS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARMELO MILLAN, individually, and on Behalf of All Other Persons Similarly Situated,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>CITIGROUP, INC.,<br>CITIGROUP TECHNOLOGY, INC.<br><br>                       Defendants. | Civil Action No.  07-CIV-3769<br><br>*Electronically Filed* |

**DEFENDANTS' REPLY BRIEF IN FURTHER**
**SUPPORT OF MOTION TO STRIKE PETER GARZA'S DECLARATION**

Sam S. Shaulson (SS 0460)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York  10178
(212) 309-6000

Sarah E. Bouchard (Pa. I.D. #77088)
Sarah E. Pontoski (Pa. I.D. #91569)
*Admitted Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5077/5059

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.    ARGUMENT ....................................................................................................... 2

      A.    Mr. Garza Continues To Offer Impermissible Argumentative Legal
            Conclusions Regarding Whether Plaintiff Is Exempt Under The FLSA and
            NYLL, Which This Court Already Has Recognized As Impermissible................ 2

      B.    Mr. Garza Has Still Not Demonstrated That He Is Qualified To Offer
            Expert Testimony Regarding Whether Plaintiff Is Exempt Within The
            Meaning Of The FLSA Or NYLL. ...................................................................... 4

      C.    Mr. Garza Has Still Not Demonstrated That His Testimony Is Reliable............... 5

III.    CONCLUSION .................................................................................................... 7

## TABLE OF AUTHORITIES

Amorgianos v. Nat'l R.R. Passenger Corp.,
303 F.3d 256 (2d Cir. 2002)................................................................................................6

Gen. Elec. Co. v. Joiner,
522 U.S. 136, 146 (1997)...................................................................................................6

Cowan v. Treetop Enter., Inc.,
120 F. Supp. 2d 672 (M.D. Tenn. 1999)..........................................................................3

Daubert v. Merrell Dow Pharms., Inc.,
509 U.S. 579 (1993)......................................................................................................2, 6

Marting v. Crawford & Co.,
Civ. A. No. 00-7132, 2004 WL 305724 (N.D.Ill. Nov. 13, 2000)...........................3, 5, 6

Nimely v. City of New York,
414 F.3d 381 (2d Cir. 2005)..............................................................................................6

United States v. Weill,
34 F.3d 91 (2d Cir. 1994) .................................................................................................3

## MISCELLANEOUS

Daphyne Saunders Thomas & Karen A. Forcht, Legal Methods of Using
Computer Forensics Techniques For Computer Crime Analysis and Investigation,
    ISSUES IN INFORMATION SYSTEMS, Vol. V, No. 2, 2004, at 692. ..................................4

## I.       INTRODUCTION

On April 2, 2008, Defendants filed a Motion To Strike Peter Garza's Declaration

("Motion to Strike") and objected to Mr. Garza's testimony because he opined on the ultimate

legal issue in this case – whether Plaintiff is exempt within the meaning the Fair Labor Standards

Act ("FLSA") and the New York Labor Law ("NYLL").  In addition, Defendants objected to Mr.

Garza's testimony because he did not demonstrate that he was qualified to offer expert testimony

about whether Plaintiff is exempt within the meaning of the FLSA and NYLL, and even if he

was qualified, Mr. Garza's testimony was not reliable.  On April 8, 2008, the Court agreed with

Defendants, stating it would grant Defendants' Motion to Strike "unless (a) the objections noted

by defendants are remedied, and (b) the affidavit presents expert evidence and not argumentative

rebuttals."

On April 15, 2008, Plaintiff filed an Amended Declaration of Peter Garza ("Amended

Declaration").  Much like the original Declaration, the amended version fails to cure the

objections noted by Defendants in their Motion to Strike, and also fails present expert evidence.

Instead, it contains nothing more than legal conclusions and argumentative rebuttals, which this

Court already has found to be impermissible.

Although some deficiencies with Mr. Garza's declaration have been cured, Mr. Garza's

declaration still seeks to opine on the ultimate legal issue in this case – whether Plaintiff is

exempt within the meaning of the FLSA.[1]  In their Motion to Strike, Defendants demonstrated

that Mr. Garza could not opine on whether Plaintiff was exempt within the meaning of the FLSA

and NYLL by offering his opinion regarding whether Plaintiff exercised independent discretion

and judgment sufficient to meet the administrative exemption or whether Plaintiff engaged in

---

[1]     Moreover, Plaintiff has not cured the procedural deficiencies noted in Defendants' Motion to Strike – Plaintiff
improperly engaged in expert discovery because Mr. Garza's Declaration is outside the confines of the
discovery defined by this Court.  See Motion to Strike at 10-11

systems analysis sufficient to meet the computer professional exemption.  Mr. Garza apparently

concedes that he cannot opine on whether Plaintiff exercised "discretion and independent

judgment" sufficient to meet the requirements of the administrative exemption.  Mr. Garza,

however, still attempts to offer testimony regarding whether Plaintiff meets the requirements of

the computer professional exemption.  For the reasons set forth below, such testimony is nothing

more than argumentative rebuttals that go to the ultimate legal issue of this case.  Thus, the

Amended Declaration is clearly impermissible under Daubert v. Merrell Dow Pharms., Inc., 509

U.S. 579 (1993), and it should be stricken.

In addition, the Amended Declaration is still impermissible because Mr. Garza has not

demonstrated that he is qualified to offer expert testimony about whether Plaintiff is exempt

within the meaning of the FLSA or NYLL.  While Mr. Garza is qualified in what he does --

computer forensics -- he has not demonstrated that he has any experience whatsoever classifying

jobs under the FLSA or NYLL.  As such, even if he were not opining on the ultimate legal issue

in his case, he is not qualified to offer testimony regarding whether Plaintiff is exempt under the

computer professional exemption.  Finally, Mr. Garza still has not demonstrated that his

methodology is reliable.  For these additional reasons, the Court should strike Mr. Garza's

Amended Declaration in its entirety.

II.    **ARGUMENT**

      A.    **Mr. Garza Continues To Offer Impermissible Argumentative Legal
             Conclusions Regarding Whether Plaintiff Is Exempt Under The FLSA and
             NYLL, Which This Court Already Has Recognized As Impermissible.**

In their Motion to Strike, Defendants demonstrated, and the Court agreed, that it was

impermissible for Mr. Garza to present testimony in the form of a legal conclusion.  Motion to

Strike at 7-8.  Specifically, Defendants asserted that Mr. Garza's use of terms such as

"independent judgment or discretion" and "systems analysis or design" that have specialized

3

meaning under the FLSA demonstrated that Mr. Garza's opinion consisted of nothing more than

legal conclusions. <u>Id.</u> In his Amended Declaration, Mr. Garza's no longer uses the term

"<u>independent judgment and discretion</u>," and tellingly, he no longer offers his opinion regarding

whether Plaintiff is exempt within the meaning of the administrative exemption. <u>Compare</u> Ex. F

with Ex. H.[2] Thus, Plaintiff concedes that it is impermissible for Mr. Garza to offer testimony in

the form of a legal conclusion regarding whether Plaintiff is exempt under the administrative

exemption as that is defined under the FLSA and NYLL. <u>See</u> <u>id.</u>

Knowing Mr. Garza cannot opine on the administrative exemption, Mr. Garza still tries to

offer an opinion on whether Plaintiff engaged in "<u>systems analysis or design</u>." Mr. Garza

speculates that to the extent Plaintiff designed databases, he only created "basic databases" that

allegedly did not involve the use of "<u>systems analysis</u> skills." Ex. H. ¶¶3-4, 22, 23-24. Not only

is such testimony sheer speculation on Mr. Garza's part, it is also in the form of inadmissible

legal conclusions. As a result, this Court should strike this testimony for the same reasons it

found the original Declaration deficient. <u>See, e.g.</u>, <u>United States v. Weill</u>, 34 F.3d 91, 96 (2d Cir.

1994) (reversing grant of summary judgment, in part because defendants could not rely upon

opinion of expert regarding legal fact and recognizing that "[i]t is a well-established rule in this

Circuit that experts are not permitted to present testimony in the form of legal conclusions");

<u>Marting v. Crawford & Co.</u>, Civ. A. No. 00-7132, 2004 WL 305724, at *1, 3 (N.D.Ill. Nov. 13,

2000) (excluding testimony from expert that plaintiff did not customarily or regularly exercise

discretion and independent judgment within meaning of FLSA); <u>Cowan v. Treetop Enter., Inc.</u>,

120 F. Supp. 2d 672, 684 (M.D. Tenn. 1999) (excluding expert testimony in connection with

FLSA claim because expert opined on legal issue – plaintiff's primary responsibilities because

---

[2]    All references to exhibits refer to exhibits attached to the Affidavit of Sarah Pontoski filled in Support of
       Defendants' Reply Brief In Further Support Of Motion To Strike Peter Garza's Declaration.

4

the term "primary responsibility" on which the expert opined has a distinct legal meaning under

FLSA regulations).

> **B.      Mr. Garza Has Still Not Demonstrated That He Is Qualified To Offer Expert Testimony Regarding Whether Plaintiff Is Exempt Within The Meaning Of The FLSA Or NYLL.**

In their Motion to Strike, Defendants demonstrated that Mr. Garza was not qualified to

offer expert testimony regarding whether Plaintiff was exempt within the meaning of the FLSA

or NYLL.  Motion to Strike at 8-9.  In response to Defendants' Motion to Strike, Mr. Garza

attempted to establish that he is qualified by stating that

> During my work with the Department of the Navy working
> computer hacking and counter intelligence operations and more
> recently as an IT practitioner advising clients on security enterprise
> networks.  I work with network professionals and all levels of IT
> staff. I have worked on hundreds of civil litigation cases involving
> interacting with IT staff from executives responsible for global
> operations in large corporations, to working with computer
> technicians on single-computer evidence issues. Cases on which I
> work that do not involve computer networks are the exception
> rather than the rule. Very often I must assess the skill level of
> client's or opposing party's IT staff to properly formulate
> computer forensics preservation and analysis tasks.  A true and
> correct copy of my resume is attached hereto as Exhibit 23.

Ex. H ¶1.  As set forth in Defendants' Motion to Strike, such testimony, as well as Mr. Garza's

resume, only serves to demonstrate that Mr. Garza has experience with computer forensics.  Id.;

Ex. G.  Computer Forensics is simply "the application of computer investigation and analysis

techniques in the interests of determining potential legal evidence."  Daphyne Saunders Thomas

et al., Legal Methods of Using Computer Forensics Techniques For Computer Crime Analysis

and Investigation, ISSUES IN INFORMATION SYSTEMS, Vol. V, No. 2, at 692 (2004).  Although

Mr. Garza appears to have skills in this area, these skills do not translate into a presumption that

Mr. Garza can testify regarding whether Plaintiff is an exempt employee within the meaning of

the FLSA and NYLL.  Motion to Strike at 8-9.  Indeed, nothing on Mr. Garza's resume even

remotely qualifies him as an expert in FLSA or NYLL.  See Marting, 2004 WL 305724, at *2

(finding expert not qualified to testify whether employee was exempt within meaning of FLSA

when he failed to demonstrate that he was expert in classification of jobs under FLSA).

### C.    Mr. Garza Has Still Not Demonstrated That His Testimony Is Reliable.

In their Motion to Strike, Defendants demonstrated that Mr. Garza's opinion was

unreliable because Mr. Garza merely tailored the evidence to make conclusory and speculative

statements regarding Plaintiff's job functions in an attempt to support Plaintiff's equally

conclusory and speculative assertions.  Motion to Strike at 9-10.  The Court clearly agreed with

Defendants' position, as it ordered Mr. Garza to submit a declaration that contained expert

testimony and not "argumentative rebuttals."

Mr. Garza has not cured these deficiencies in his Amended Declaration.  He merely

added a few references to textbooks that he did not author and slightly changed his verbiage to

argue that Plaintiff was allegedly a "low-level technician."  See generally Ex. H.  Mr. Garza's

Amended Declaration still does not set forth his methodology for analyzing Plaintiff's position.

Id.  Nor does it indicate that this unspecified methodology has been verified through scientific

tests or experiments.  Id.  Moreover, Mr. Garza cannot demonstrate that he has published any

articles regarding his methodology for determining whether jobs are exempt under the FLSA of

NYLL.  Id.  Nor, for that matter, can he demonstrate that he published any articles regarding

systems analysis, database design, or computer programming.  Id.  Whatever unknown analysis

Mr. Garza used in connection with his Amended Declaration clearly was not based on empirical

studies and statistics, but instead was based on no analysis at all.  Id.  Once again, Mr. Garza

appears to have merely reviewed Plaintiff's job functions as described to him; reviewed certain

information on the Internet regarding Cisco classes, certifications and products; and reviewed

certain textbooks.  Id.  Mr. Garza then took this information (as any lay person could) and made

conclusory statements to support Plaintiff's equally conclusory and speculative positions regarding his job functions.  Id.  No evidence exists that Mr. Garza has any personal knowledge of the facts at issue here -- he never worked at CTI, he did not work in a similar position, nor did he work with Plaintiff.  Id.  Although it is unlikely that this simplistic analysis can be viewed as a "methodology," any methodology applied here remains unreliable under Daubert.  See Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 266 (2d Cir. 2002) (quoting Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997)) (recognizing that "nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert."); see also Nimely v. City of New York, 414 F.3d 381, 396-97 (2d Cir. 2005) (recognizing that "'when an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, Daubert and Rule 702 mandate the exclusion of that unreliable opinion testimony'") (quoting Amorgianos, 303 F.3d at 266); see also Marting, 2004 WL 305724, at **2-3 (finding report lacked reliability because report not verified through scientific method or tests, expert did not publish any articles on methodology, and analysis was not based on extensive empirical studies and statistics, "but merely based on dividing [plaintiff's] tasks up and deciding if she exercised discretion and independent judgment in each category" in an attempt to support plaintiff's conclusory position).

## III.   CONCLUSION

For the reasons set forth above, and the reasons set forth in Defendants' Motion to Strike, the Court should strike Mr. Garza's Amended Declaration, and it should not be considered in connection with Plaintiff's response to Defendants' motion for summary judgment.

Dated: April 22, 2008                     Respectfully submitted,

By: /s/ Sarah E. Bouchard
Sam S. Shaulson (SS 0460)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York  10178
(212) 309-6000

Sarah E. Bouchard (Pa. I.D. #77088)
Sarah E. Pontoski (Pa. I.D. #91569)
*Admitted Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921