

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210

FLSA2006-42

October 26, 2006

Dear **Name***:

This is in response to your request for an opinion concerning whether the position of Information Technology (IT) Support Specialist qualifies for exemption under section 13(a)(1) of the Fair Labor Standards Act (FLSA). Based on the information presented, it is our opinion that the IT Support Specialist position does not qualify for the administrative or the computer employee exemption.

Section 13(a)(1) of the FLSA provides a complete minimum wage and overtime pay exemption for any employee employed in a bona fide executive, administrative, or professional capacity, as those terms are defined in 29 C.F.R. Part 541.[1] An employee may qualify for exemption if all of the pertinent tests relating to duties and salary are met.

You state that the employer is in the process of creating the new position of IT Support Specialist within the Information Technology Department. In a discussion with a member of the Wage and Hour Division staff, you indicated that the amount and manner of compensation for the IT Support Specialist position would depend, in part, on whether the position is exempt or nonexempt under the new Part 541 regulations.[2] The employer in this case plans to have shifts of IT Support Specialists working or on-call 24 hours a day. The job description you provided states that the IT Support Specialist (renamed from Help Desk Support Specialist) is responsible for the diagnosis of computer-related problems as requested by employees, physicians, and contractors of the employer. The IT Support Specialist conducts problem analysis and research, troubleshoots, and resolves complex problems either in person or by using remote control software. He or she ensures timely closeout of trouble tickets.

The duties and the amount of time, in general, that an IT Support Specialist would spend on such duties are described below:

55%—Analyzes, troubleshoots, and resolves complex problems with business applications, networking, and hardware. Accurately documents all work in appropriate problem tracking software. Prioritizes tasks based on service level agreement criteria with limited supervision.

20%—Installs, configures, and tests upgraded and new business computers and applications based upon user-defined requirements. Assists users in identifying hardware/software needs and provides advice regarding current options, policies, and procedures. Creates and

---

[1] Unless otherwise noted, any statutes, regulations, opinion letters, or other interpretive material cited in this letter can be found at www.wagehour.dol.gov.

[2] Revisions to 29 C.F.R. Part 541 were published on April 23, 2004, and became effective on August 23, 2004. *See Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees*, 69 Fed. Reg. 22,122 (Apr. 23, 2004).

troubleshoots network accounts and other business application user accounts as documented in the employee lifecycle process.

10%—Participates in the design, testing, and deployment of client configurations throughout the organization. This process requires detailed knowledge of Microsoft operating systems and compatible business applications. Leverages application packaging software technology for deployment of business applications to client systems.

5%—Participates in the analysis and selection of new technology required for expanding computing needs throughout the organization. Works with competing vendors to determine the best selection based on price, technical functionality, durability, manufacturer support, manufacturer vision, and position in the healthcare industry.

5%—Documents technical processes and troubleshooting guidelines. Documents end-user frequently asked questions about computer systems or programs and publishes on Intranet as guidelines for the entire organization.

5%—Monitors automated alerts generated by systems management tools and makes decisions on the most effective resolution.

The IT Support Specialist position requires a high school diploma or GED, although an associate degree is preferred. This position requires walking throughout the institution and/or ancillary buildings to perform the duties, and traveling to off-site facilities. Physical demands of the position include standing, sitting, walking, bending, lifting, and moving computer items as needed.

Below is a discussion of the administrative exemption and computer employee exemption under the revised final rule. Each discussion is followed by an analysis of whether the IT Support Specialist qualifies for the particular exemption.

**Administrative Exemption**

The term "employee employed in a bona fide administrative capacity" means "any employee":

    (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . ;

    (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

    (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a).

> The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

29 C.F.R. § 541.201(a).

> Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.

29 C.F.R. § 541.201(b).

> An employee may qualify for the administrative exemption if the employee's primary duty is the performance of work directly related to the management or general business operations of the employer's customers. Thus, for example, employees acting as advisers or consultants to their employer's clients or customers (as tax experts or financial consultants, for example) may be exempt.

29 C.F.R. § 541.201(c).

> To qualify for the administrative exemption, an employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance. In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.

29 C.F.R. § 541.202(a).

> The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the

employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

29 C.F.R. § 541.202(b). As the preamble to the final rule explained, federal courts generally conclude that employees who meet at least two or three of the indicators mentioned in 29 C.F.R. § 541.202(b) are exercising discretion and independent judgment, although a case-by-case analysis is required. *See* 69 Fed. Reg. at 22,143.

"The exercise of discretion and independent judgment implies that the employee has the authority to make an independent choice, free from immediate direction or supervision." 29 C.F.R. § 541.202(c). As indicated in 29 C.F.R. § 541.202(e), "[t]he exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources." Section 541.202(f) further clarifies that "[a]n employee does not exercise discretion and independent judgment with respect to matters of significance merely because the employer will experience financial losses if the employee fails to perform the job properly." For example, "an employee who operates very expensive equipment does not exercise discretion and independent judgment with respect to matters of significance merely because improper performance of the employee's duties may cause serious financial loss to the employer." *Id.* The fact that work may be unusually complex or highly specialized along technical lines, or that significant consequences or losses may result from improper performance of an employee's duties, do not automatically qualify the work as being significant to the management or general business operations of an employer. Indeed, a job may even be viewed by an employer as "indispensable" and still not meet the requirement that its primary duty must be "directly related to the management or general business operations." *See Clark v. J.M. Benson Co.*, 789 F.2d 282, 287 (4th Cir. 1986) (regulations emphasize nature of work, not its ultimate consequence). *See also* 29 C.F.R. § 541.202(f). Thus, although the upkeep of a computer system may be viewed as essential to an employer's business operations, the nature of the individual employee's particular work, and not the possible results or consequences of its performance, is the focus of the analysis for determining an employee's exempt status. To qualify as an exempt administrative employee, therefore, the work performed must itself relate to significant matters in the management or general business operations of the employer. In addition, performing highly skilled technical work in troubleshooting computer problems does not, by itself, demonstrate the exercise of discretion and independent judgment with respect to matters of significance. As stated in 29 C.F.R. § 541.202(e), "[t]he exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources."

The primary duty of the IT Support Specialist you describe consists of installing, configuring, testing, and troubleshooting computer applications, networks, and hardware. Maintaining a computer system and testing by various systematic routines to see that a particular piece of computer equipment or computer application is working properly according to the specifications designed by others are examples of work that lacks the requisite exercise of discretion and independent judgment within the meaning of the administrative exemption. Employees performing such activities are using skills and procedures or techniques acquired by special training or experience. Their duties do not involve, with respect to matters of significance, the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered as required by 29 C.F.R. § 541.202(a). *See* Wage and Hour Opinion Letter August 19, 1999 (copy enclosed). Such work does not involve formulating management policies or operating practices, committing the employer in matters that have significant financial impact, negotiating and binding the company on significant matters, planning business objectives, or other indicators of exercising discretion and independent judgment with respect to matters of significance discussed in 29 C.F.R. § 541.202(b). Although minor aspects of the work (described as five to ten percent) include participating in the design of client configurations and analyzing and selecting new technology, your description of the tasks performed and the decisions made by an IT Support Specialist does not demonstrate that their *primary* duty includes the exercise of discretion and independent judgment with respect to matters of significance to management or general business operations of the employer. Therefore, based on our review of the information you provided, it is our opinion that the IT Support Specialist position does not qualify for the administrative exemption under section 13(a)(1) of the FLSA. *See Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 581-84 (6th Cir. 2004) (IT Support Specialist responsible for installing and upgrading hardware and software, configuring desktop computers, and testing and troubleshooting equipment is not exempt as administrative employee under pre-2004 regulations because such work is not directly related to management policies or general business operations and is not of substantial importance to management or operation of the business); *Turner v. Human Genome Scis., Inc.*, 292 F. Supp. 2d 738, 745, 747 (D. Md. 2003) (although employees responsible for troubleshooting and correcting hardware and software problems and network connectivity issues utilized "knowledge and skill to solve computer problems, their primary duties did not involve discretion or independent judgment as required" under pre-2004 administrative exemption); *Burke v. County of Monroe*, 225 F. Supp. 2d 306, 320 (W.D.N.Y. 2002) (employees whose work included installing and operating computer networks, analyzing hardware and software problems, testing, and problem solving did "highly-skilled work," but these were "routine duties without the requirement of discretion and independent judgment" under pre-2004 administrative exemption).

**Computer Employee Exemption**

Computer systems analysts, computer programmers, software engineers, and other similarly skilled workers in the computer field who meet certain tests regarding their job duties are eligible for exemption from both minimum wage and overtime pay as professionals under FLSA sections 13(a)(1) and 13(a)(17). *See* 29 C.F.R. § 541.400(a). To qualify for the computer employee exemption, the employee must be compensated on either a salary or fee

basis at a rate of not less than $455 per week or, in the case of an employee who is compensated on an hourly basis, not less than $27.63 an hour. *See* 29 C.F.R. § 541.400(b). In addition, "the exemptions apply only to computer employees whose primary duty consists of":

> (1) The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;
> (2) The design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
> (3) The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or
> (4) A combination of the aforementioned duties, the performance of which requires the same level of skills.

*Id.* As described in 29 C.F.R. § 541.700(a),

> [t]o qualify for exemption under this part, an employee's "primary duty" must be the performance of exempt work. The term "primary duty" means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole.

Section 541.400(a) lists employees who qualify for this exemption as including computer systems analysts, computer programmers, software engineers, and other similarly skilled workers in the computer field. As explained in the preamble to the final rule, such job titles alone, however, are not the determining factor for exemption. *See* 69 Fed. Reg. at 22,160. An exempt computer employee's primary duty must consist of those duties discussed in 29 C.F.R. § 541.400(b). As indicated in 29 C.F.R. § 541.401,

> [t]he exemption for employees in computer occupations does not include employees engaged in the manufacture or repair of computer hardware and related equipment. Employees whose work is highly dependent upon, or facilitated by, the use of computers and computer software programs (*e.g.*, engineers, drafters and others skilled in computer-aided design software), but who are not primarily engaged in computer systems analysis and programming or other similarly skilled computer-related occupations identified in § 541.400(b), are also not exempt computer professionals.

As we previously noted, the primary duty of the IT Support Specialist consists of installing, configuring, testing, and troubleshooting computer applications, networks, and hardware. The primary duty of this employee does not involve the "application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications." 29 C.F.R. § 541.400(b)(1). Nor is the primary duty of the IT Support Specialist "[t]he design, development, documentation, analysis, creation, testing or

modification of computer systems or programs, including prototypes, based on and related to user or system design specifications" (29 C.F.R. § 541.400(b)(2)), "[t]he design, documentation, testing, creation or modification of computer programs related to machine operating systems" (29 C.F.R. § 541.400(b)(3)), or "[a] combination of these duties, the performance of which requires the same level of skills." 29 C.F.R. § 541.400(b)(4). Because the primary duty of the IT Support Specialist you described does not consist of duties similar to those discussed in 29 C.F.R. § 541.400(b)(1)-(4), it is our opinion that the IT Support Specialist position does not qualify for the computer professional employee exemption under FLSA sections 13(a)(1) and 13(a)(17). *See* Wage and Hour Opinion Letter August 19, 1999. Therefore, the IT Support Specialist position is covered by the minimum wage and overtime provisions of the FLSA.

This opinion is based exclusively on the facts and circumstances described in your request and is given based on your representation, express or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your letter might require a conclusion different from the one expressed herein. You have represented that this opinion is not sought by a party to pending private litigation concerning the issues addressed herein. You have also represented that this opinion is not sought in connection with an investigation or litigation between a client or firm and the Wage and Hour Division or the Department of Labor.

We trust that this letter is responsive to your inquiry.

Sincerely,


Paul DeCamp
Administrator


**\* Note: The actual name(s) was removed to preserve privacy in accordance with 5 U.S.C. § 552(b)(7).**