1 of 8 DOCUMENTS

[NO NUMBER IN ORIGINAL]

U.S. DEPARTMENT OF LABOR

2001 DOLWH LEXIS 4

May 11, 2001

**JUDGES:** Barbara R. Relerford, Office of Enforcement Policy, Fair Labor Standards Team

**OPINION:**

[*1]
Dear Ms.

This is in response to your letter requesting an opinion regarding the computer related professional exemption from overtime under the Fair Labor Standards Act (FLSA). You would like to know if this position meets the test for exemption from overtime in any of the definitions (administrative, professional, or computer related professions). You state that this written opinion will be used to assist you in writing a paper for class. We regret the delay in responding.

You have included copies of correspondence from the State of Department of Labor regarding the exempt status of computer professionals in that State. You would like to know "if the State of, does not recognize the $ 27.63 hourly rate for computer related professionals to be exempted from overtime, does the State's recognition of the wage supercede the wage under the FLSA?"

As you know, the FLSA is the Federal law of most general application concerning wages and hours of work. This law requires that all covered and non-exempt employees be paid not less than the minimum wage of $ 5.15 an hour and not less than one and one-half times their regular rates of pay for all hours worked over 40 in a workweek. The [*2] provisions of this law apply to all workers in the private sector, as well as Federal, State & local governments. Where a State law has a higher standard than the Federal law, the higher standard applies.

You state that the responsibilities of the computer professional titled Systems Engineer include support services to local businesses; designing computer solutions to fit the client's need at a variety of local businesses (this involves analyzing current equipment and software, identifying equipment and software needs, determining a scope of work for implementation and integration of old with the new, and continuing with support of hardware and software after the implementation is complete). Each workweek differs in projects and responsibilities and is dependent upon the client's needs.

There is no direct supervision of employees associated with the position. Approximately 80% of each workweek are spent performing these activities. The other 20% are spent traveling or writing reports.

Section 13(a)(1) of the FLSA provides a minimum wage and overtime pay exemption for any employee employed in a bona fide executive, administrative, professional or outside sales capacity. In order [*3] to qualify for exemption under this section, an employee must meet all of the tests relating to duties, responsibilities, and salary that are contained in the appropriate section of the Regulations, 29 CFR Part 541 (copy enclosed).

Section 13(a)(17) and CFR Part 541.303 share duties for certain "computer professionals" to be exempt. For exemption under 13(a)(17) of the FLSA, the employee must meet the duties requirements and be compensated at not less than $ 27.63 for each hour worked. For application of the professional exemption, 29 CFR Part 541.3, the employee must meet the duties requirements and be compensated on a salary basis of no less than $ 250 per week. This second test is also termed the "upset salary" or "short test".

To be exempt as a computer professional, the employee's primary duty must consist of:

(1) The application of systems analysis techniques and procedures, including consulting with users to determine hardware, software, or system functional specifications;

(2) The design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
[*4]
(3) The design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or

(4) A combination of the above duties, the performance of which requires the same level of skills.

An employee may qualify for exemption as a bona fide administrative employee if all the pertinent tests relating to duties, responsibilities, and salary, as discussed in Section 541.2 are met.

Pursuant to Section 541.2(e)(2), an employee who is paid on a salary or fee basis of at least $ 250 per week may qualify for exemption as a bona fide administrative employee if the employee's primary duty consists of the performance of office or nonmanual work directly related to management policies or general business operations of the employer or the employer's customers and which includes work requiring the exercise of discretion and independent judgment. Activities contemplated by the Regulations as being "directly related to management policies or general business operations" of an employer are those related to the administrative operations of a business, as distinguished from the basic tasks of the employer's business, that is, the "production" work of the [*5] business. The administrative exemption is limited to persons who perform the work of substantial importance to the business of their employer or their employer's customers.

Based on the limited information you provided, it appears that the employee's primary duty is to identify computer solutions to fit the need of a variety of local businesses, but that the employee does not design, create or modify the systems or programs. Therefore, it is our opinion that this employee does not meet the duties requirements for any of the exemptions.

This opinion is based exclusively on the facts and circumstances described in your request and is given on the basis of your representation, explicit or implied, that you have provided a full and fair description of all the facts and circumstances which would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your letter might require a different conclusion on the basis that it is not sought on behalf of a client or firm that is under investigation by the Wage and Hour Division, or that is in litigation with respect to, subject to the terms of any agreement or order [*6] applying, or requiring compliance with the provisions of the FLSA.

We trust that the above information is responsive to your inquiry.

Sincerely,