UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMELO MILLAN, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>CITIGROUP, INC. and CITIGROUP TECHNOLOGY, INC.,<br><br>      Defendants. | Civ. Action No. 07-CIV-3769 (AKH)<br><br>*Electronically Filed* |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF PETER GARZA**

              Seth R. Lesser (SR-5560)
              Janet Walsh (JW-8658)
              Fran L. Rudich (FR-7577)
              LOCKS LAW FIRM, PLLC
              110 East 55th Street
              New York, New York 10022
              Tel: (212) 838-3333

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.       The Purpose of Mr. Garza's Declaration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        B.       Peter Garza is qualified to testify regarding
                  the nature of Mr. Millan's work . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        C.       Peter Garza's declaration does not contain testimony
                  in the form of legal conclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        D.       Defendants' Reliance on Daubert is unfounded, and,
                  even is appropriate, Mr. Garza's Declaration is
                  reliable and meets the standards set forth in Daubert . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**TABLE OF AUTHORITIES**

*A Slice of Pie Prods., LLC v. Wayans Bros. Entm't,*
    487 F. Supp. 2d 33 (D. Conn. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Baumgart v. Transoceanic Cable Ship Co.,*
    No. 01 Civ. 5990, 2003 U.S. Dist. LEXIS 19921 (S.D.N.Y. 2003). . . . . . . . . . . . . . . . . 1

*Cowan v. Treetop Enter., Inc.,*
    120 F. Supp. 2d 672 (M.D. Tenn. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Daubert v. Merrell Dow Pharms., Inc.,*
    509 U.S. 579 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Davison v. Eldorado Resorts LLC.,*
    No. 05-cv-0021, 2006 U.S. Dist. LEXIS 12598 (D. Nev. March 10, 2006) . . . . . . . . . . . 8

*Iacobelli Construction, Inc. v. County of Monroe,*
    32 F.3d 19 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC.,*
    470 F. Supp. 2d 345 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Kumho Tire Company, Ltd. v. Carmichael,*
    526 U.S. 137 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mahoney v. JJ Weiser & Co., Inc.,*
    2007 U.S. Dist. LEXIS 79460 (S.D.N.Y. Oct. 25, 2007) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Marting v. Crawford & Co.,*
    Civ. A. No. 00-7132, 2004 WL 305724 (N.D. Ill. Mar. 26, 2004) . . . . . . . . . . . . . . . . . 5

*MGE UPS Sys. v. Fakouri Elec. Eng'g, Inc.,*
    No. 04-cv-445, 2006 U.S. Dist. LEXIS 14142 (N.D. Tex. Mar. 14, 2006) . . . . . . . . . . . 8

*SEC v. U.S. Envtl., Inc.,*
    No. 94 Civ. 6608, 2002 U.S. Dist. LEXIS 19701 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . 7

*Seneca Insurance Company v. Wilcock,*
    2007 U.S. Dist. LEXIS 10974 (S.D.N.Y. Feb. 5, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*SR Int'l. Bus Ins. Co., Ltd. v. World Trade Center Properties, LLC.*,
    467 F.3d 107 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*UMG Recordings, Inc. v. Lindor*,
    531 F.Supp. 2d 435, (E.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Dukagjini*,
    326 F.3d 45 (2d. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Duncan*,
    42 F.3d 97 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Russo*,
    74 F.3d 1383 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATUTES AND REGULATIONS

Fed. R. Evid. 702, Ad. Comm. Notes, 2000 Amendments . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Evid. 704(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**PRELIMINARY STATEMENT**

In opposition to Defendant's Motion for Summary Judgment in this action, Plaintiff Carmelo Millan filed the Declaration of Peter Garza, an expert in the field of computer science and technology, to assist the Court and ultimately, the triers of fact, in understanding, in lay person's terms, the day-to-day tasks performed by Mr. Millan while employed by the Defendants. On April 1, 2008, Defendants moved to strike Mr. Garza's declaration on the following grounds:

a. that Mr. Garza is not qualified to provide testimony regarding the nature of Mr. Millan's work;
b. that Mr. Garza's declaration contains testimony in the form of legal conclusions;
c. that Mr. Garza did not provide any methodology for analyzing Plaintiff's work.[1]

After Defendants filed their motion and prior to Plaintiff filing an opposition to Defendants' motion, the Court issued an Order granting Defendants' Motion, "unless (a) the objections noted by defendants are remedied, and (b) the affidavit presents expert evidence and not argumentative rebuttals." Order dated April 8, 2008, Docket No. 52. On April 15, 2008, Plaintiff filed an Amended Declaration of Mr. Garza (attached hereto as Exhibit 1), which fully addressed the issues that concerned the Court.

---

[1] Defendants also claim in their original brief and in a footnote in their "Reply" that Mr. Garza's report constitutes impermissible expert discovery. See Defendants' Reply Brief in Further Support of Motion for Summary Judgment dated April 1, 2008 ("Def. Reply" or "Reply Brief"), at 1 n.1. Serving an expert's declaration in support of an opposition to a motion for summary judgment is not engaging in expert discovery and, as the Court knows, experts' declarations are routinely used to oppose summary judgment whether or not expert discovery has been conducted. There was no deadline for submission of expert reports and the bifurcated discovery ordered did not change that. Defendants' cases cites are thus off point. See Baumgart v. Transoceanic Cable Ship Co., No. 01 Civ. 5990, 2003 U.S. Dist. LEXIS 19921, at *4-*5 (S.D.N.Y. Nov. 7, 2003)(involved pre-trial motions *in limine* and precluded an expert for whom no Rule 26(a)(2) disclosure had been made); A Slice of Pie Prods., LLC v. Wayans Bros. Entm't, 487 F. Supp. 2d 33, 39 (D. Conn. 2007)(involved preclusion of an expert because the expert report was served more than eight months after the expert deadline); cf. Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC, 470 F. Supp. 2d 345 (S.D.N.Y. 2007) (permitting expert report opposing summary judgment over objection that expert discovery was bifurcated from fact discovery so that the defendants did not have a chance to cross-examine the expert).

Thereafter, on April 22, 2008, Defendant's filed a "Reply Brief" in further support of their already resolved Motion to strike.[2] In their "Reply Brief", the Defendants repeat the four points of their original brief. As demonstrated below, Defendants' motion, especially when considered in light of the amended declaration.

## ARGUMENT

### A.  The Purpose of Mr. Garza's Declaration

Advertently or otherwise, Defendants fail to understand the purpose of Mr. Garza's Declaration. Mr. Garza does not offer an opinion of law nor does he have expertise as to the legal standards under the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL"). His testimony is not an expression of whether Plaintiff was, or was not, a legally exempt employee; his testimony is simply, in lay person's terms, an explanation of the jargon used in the computer and IT fields and an opinion as to the nature and scope of Plaintiff's tasks in the context of the job descriptions that are commonly used in the field of computer technicians.

This case involves the domain of computers, and much of the evidence includes highly technical terminology. In a case where the complexity (or lack thereof) of the tasks performed are crucial to determining Mr. Millan's status under the FLSA, the defendants are at a decided advantage in regurgitating technical terms and descriptions – as such terms by their nature can connote complexity or significance – without explaining the tasks and terms in context. Mr.

---

[2] In response to Plaintiff's request for an adjournment of the oral argument on the Summary Judgment Motion to address the issue of the Motion to Strike, the Court issued an Order denying the request and indicating that all disputed issues can be presented for resolution at the time of the argument. See Order dated May 9, 2008, Docket No. 61. Accordingly, Plaintiff is filing this opposition to the original Motion to Strike do that the Court has a full record of the parties' positions.

Garza's declaration assists the Court in understanding the nature and extent of the work performed by Mr. Millan. In effect, he cuts through the technical verbiage.

Mr. Garza's declaration provides the following testimony on the following issues:

(a) an explanation of what a systems analyst is in the field of technology and the type of work a systems analyst performs;
(b) an opinion that the work Mr. Millan performed was not that of a systems analyst;
(c) an explanation of various terms found in the evidence and cited to frequently without explanation by the Defendants; for example, DHCP, 10/100 Ethernet, gigabit, LAN, WAN, VLAN;
(d) an explanation of the CCNA certification and what it entails in a networking context;
(e) an explanation of some of the equipment and devices used regularly by Mr. Millan in performing his job and how they operate; for example, butt set, hub, port, network cable, router, Cisco switch;
(f) an explanation of how settings are changed on a Cisco switch;
(g) an explanation of computer programming and an opinion that the database work Mr. Millan performed was not computer programming or database design, as it is understood in the field of technology;
(h) an opinion that Mr. Millan's work did not involve computer systems design; and
(i) an opinion that the network related tasks performed by Mr. Millan are common technical tasks routinely performed by low level technicians not involved in systems development.

These topics are not statements of law or applications of the law to the facts. They are facts themselves. This is the paradigm of relevant expert testimony.

**B.    Peter Garza is Qualified to Testify Regarding the Nature of Mr. Millan's Work**

Defendants contend that Mr. Garza, who they admit may have the requisite expertise to testify regarding e-discovery and computer forensics, does not have the requisite experience to testify whether Plaintiff is an exempt employee under the FLSA or the NYLL. However, as set forth above, Mr. Garza's declaration does not attempt to opine with respect to whether Mr. Millan is exempt or non-exempt under the law. It does not even make mention of the FLSA or the NYLL or the terms exempt or non-exempt.

3

That he has the credentials to testify to explain what Mr. Millan's job entailed is beyond dispute. Mr. Garza's declaration and his curriculum vitae (attached hereto as Exhibit 2) set out his considerable experience and education with regard to complex matters of computer technology. Although many of the specific fields in which Mr. Garza has testified as an expert involve matters far more complex than those in this case, Mr. Garza clearly demonstrates that he is intimately familiar with enterprise computing environments and that he works with computer network and systems professionals at every level on a daily basis. Almost all of his work involves dealing with computer networks and the various levels of information technology ("IT") staff that support those networks. Part of his work in computer forensics involves assessing the skill levels of those IT staff. It is hard to imagine finding someone more qualified than Mr. Garza to testify on the subject matter outlined above in this case.

      C.      Peter Garza's Declaration Does Not Contain Testimony in the Form of Legal Conclusions

Defendants contend that because Mr. Garza's declaration contains terms – particularly "systems analysis or design" – that are identical to terms contained in the FLSA, he is stating impermissible legal conclusions. Even aside from the point that on this motion the Court can accord whatever weight a report may deserve irrespective of how phrased, simply because a word or phrase appears in the law does not render it unusable in an expert's report. A doctor can use the word "causation" and testify as to what caused a Plaintiff's injury, despite the fact that "causation" is also a legal term. But it would be absurd to argue that a doctor's testimony that includes an opinion with respect to causation should be inadmissible on the grounds that it reaches a legal conclusion. Rather, Rule 704(a) of the Federal Rules of Evidence specifically provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact".

4

As is explained by Mr. Garza, the term "systems analysis" and the work that a systems analyst performs has a meaning within the field of computer technology. In fact, both of Defendants' witnesses were familiar with the term. Mr. Saranello testified that while working for him, Mr. Millan was not involved in the application of systems analysis techniques. (See, Extract from Deposition of Thomas Saranello, attached as Exhibit 3). Also, Mr. Discepolo testified that, while working in the lab, Mr. Millan did not work as a computer systems analyst. (See, Extract from Deposition of Amadeo Discepolo, attached as Exhibit 4). Whether Mr. Millan was engaging in "systems analysis and design" or involved in "computer programming" in performing his job duties are questions of fact. These questions may relate to an ultimate issue to be decided by the trier of fact, but at no point in his declaration does Mr. Garza reach a conclusion that Mr. Millan is a non-exempt employee under the FLSA.

Defendants' two cases are readily distinguishable for, in both, the expert who was precluded expressed opinions of a job function within the meaning of the FLSA. See Marting v. Crawford & Co., Civ. A. No. 00-7132, 2004 WL 305724 (N.D. Ill. Jan. 8, 2004) (expert purported to testify as to whether the work performed by the plaintiff was FLSA exempt or non-exempt and held himself out as an expert in the classification of jobs under the FLSA); Cowan v. Treetop Enter., Inc., 120 F. Supp. 2d 672 (M.D. Tenn. 1999) (expert testimony as to "primary responsibility" excluded). By contrast, Mr. Garza makes no effort to reach a legal conclusion regarding the FLSA but explains and opines regarding the factual nature of Mr. Millan's work so that the Court can determine whether Mr. Millan's work was exempt or non-exempt.

The Second Circuit has distinguished between expert testimony which states a legal conclusion and testimony in the form of an opinion which assists the Court or triers of fact in making their own determination. In United States v. Duncan, 42 F.3d 97 (2d Cir. 1994), the

Court rejected the appellant's claim that the government's expert witness stated a legal conclusion and found that "expert witnesses are often uniquely qualified in guiding the trier of fact through a complicated morass of obscure terms and concepts." Id. at 101.  Also, in United States v. Russo, 74 F.3d 1383 (2d Cir. 1995), a securities case, the Second Circuit affirmed the trial courts' admission of a government expert's testimony, finding that the expert gave "no opinion as to whether the appellants had violated the securities law and did not make any statements about their intent; he simply described certain stock transactions and his opinion of their effect on the market." Id. at 1395.   Similarly, Mr. Garza makes no attempt to testify as to whether Mr. Millan is exempt or non-exempt under the FLSA.

> **D.    Defendant's Reliance on Daubert is Unfounded, and Even if Appropriate, Mr. Garza's Declration is Reliable and Meets the Standards Set Forth in Daubert**

Mr. Garza's testimony fits squarely within Rule 702's provision that, "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise." Rule 702 gives the district court discretion to determine the reliability of an expert's testimony in light of the particular facts and circumstances of the case. Kumho Tire Company v. Carmichael, 526 U.S. 137, 152 (1999).

Notwithstanding, Defendants challenge Mr. Garza's report as violative of the precepts of Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).  But Mr. Garza's expertise is personal history expertise that falls outside the Daubert umbrella of scientific methodology. See Kumho, 526 U.S. at 150 (Daubert not implicated where testimony is not scientific in nature and "relevant reliability concerns may focus upon personal knowledge or experience.").

Thus, in Iacobelli Constr., Inc. v. County of Monroe, 32 F.3d 19 (2d Cir. 1994), the Second Circuit reversed the preclusion of two expert witnesses, holding that the lower court's reliance on Daubert was "misplaced" and that the expert affidavits (one from a geotechnical consultant and the other from an underground-construction consultant) did not present "the kind of "junk science" problem that Daubert meant to address." Id. at 25; see also SR Int'l. Bus. Ins. Co. v. World Trade Center Properties, LLC, 467 F.3d 107, 133 (2d Cir. 2006) (confirming the trial court's decision to admit an expert to testify on custom and practice in the property insurance industry, indicating that his testimony did not depend on engineering or scientific expertise).

The present case is like SEC v. U.S. Envtl., Inc., No. 94 Civ. 6608, 2002 U.S. Dist. LEXIS 19701 (S.D.N.Y. 2002), where this Court considered the admissibility of expert testimony from an investigative accountant with many years experience in the securities field. First, the court noted that in securities cases, federal courts have admitted expert testimony to assist the trier of fact in understanding, among other things, "complicated terms and concepts inherent in the practice of the securities industry." Id. at *7. And second, in determining the reliability of the expert's testimony, the court concluded that the application of the Daubert factors was unnecessary, and that the reliability of the expert's testimony could be evaluated by looking at his experience in the industry and his experience "as an expert in approximately 30 securities actions." Id. at *13. That is the present case.

Similarly, in Mahoney v. JJ Weiser & Co., Case No. 04 Civ. 2592, 2007 U.S Dist. LEXIS 79460 (S.D.N.Y. Oct. 25, 2007), this Court denied Defendant's motion to strike Plaintiff's insurance expert, indicating that the Daubert factors "have little applicability where, as here, the opinion is based on professional experience and there is really no methodology or technique

7

supporting it." Id. at *12; see also Seneca Insurance Co. v. Wilcock, Case No. 01 Civ. 7620, 2007 U.S Dist. LEXIS 10974, at *29 (S.D.N.Y. Feb. 5, 2007) (admitted insurance expert because "although plaintiff asserts that Shapiro's method is not testable, all that he is doing is to recount his experience concerning the use of certain terms in the industry").[3]

Mr. Garza's declaration simply uses his knowledge, gained from experience, to explain technology related terms to the Court and express opinions as to the nature of Mr. Millan's work. He has not performed any scientific testing or analysis, he has not interpreted data, and he has not applied scientific theories, techniques or methodologies. As such, Defendants reliance on Daubert is misplaced. Plaintiff has demonstrated that Mr. Garza's testimony is admissible in that it is relevant to the case – a clear understanding of the nature of Mr. Millan's duties and responsibilities as they relate to computer networking clearly helps the Court in determining whether those duties were exempt or non-exempt and are therefore relevant. In addition, Mr. Garza's testimony is reliable as it is based upon his significant education in the field of computer science and his experience in working with computer network and computer network personnel.

Even if the Court does consider that the Daubert factors should be applied to Mr. Garza's declaration, and that his methodology for reaching his opinions should be explained, then this is one of those situations where the expert's extensive experience in the area is, in fact, his methodology. Similar to a law enforcement agent who testifies regarding the use of code words in a drug transaction, "the method used by the agent is the application of extensive experience to

---

[3] This is also why federal courts have often admitted expert testimony in the field of computer science without reference to the Daubert factors. See, e.g., UMG Recordings, Inc. v. Lindor, 531 F. Supp. 2d 453, 456-57 (E.D.N.Y. 2007) (admitting the testimony of a computer forensics expert without relying on Daubert factors); MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g, Inc., Civ. A. No. 04-CV-445, 2006 U.S. Dist. LEXIS 14142, at *4-*8 (N.D. Tex. Mar. 14, 2006) (admitting computer forensic expert testimony because there was a reliable basis for the witness's technical knowledge and opinion without reference to the Daubert factors); Davison v. Eldorado Resorts LLC, No. 05-cv-0021, 2006 U.S. Dist. LEXIS 12598, at *21-*22 (D. Nev. Mar. 10, 2006) (same).

analyze the meaning of the conversations." Fed. R. Evid. 702, Ad. Comm. Notes, 2000 Amendments; see also U.S. v. Dukagjini, 326 F.3d 45, 52 (2d Cir. 2002).

## CONCLUSION

For all the foregoing reasons, Plaintiff Carmelo Millan respectfully requests that the Court deny Defendants' motion to strike the expert declaration of Peter Garza.

Dated: May 12, 2008

*/s/Fran L. Rudich*
Seth R. Lesser (SR-5560)
Janet Walsh (JW-8658)
Fran L. Rudich (FR-7577)
LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
Tel: (212) 838-3333
Fax: (212) 838-3735
www.lockslaw.com

**ATTORNEYS FOR PLAINTIFF**